Russell Strafford, Appellee, v. Republic Iron & Steel Company, Appellant.

Gen. No. 5,028.

1. APPEALS AND ERRORS—*when assignment of error deemed waived.* An assignment of error not argued is deemed waived.

2. PERSONAL INJURIES—*liability for, by reason of employment of child under age of 14 at prohibited employment.* One who contrary to the statute employes a child under 14 years at a prohibited employment is liable for resulting injury even though such child was working at a machine either in disobedience to orders or without any direction to work there.

3. CONTRIBUTORY NEGLIGENCE—*when no defense.* Contributory negligence is no defense to an action instituted by a child under 14 years to recover for injuries sustained while being employed at a prohibited occupation.

Action in case for personal injuries. Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

RICHARD JONES, JR., WILLIAM A. MEESE and PEEK & DIETZ, for appellant.

W. R. MOORE, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee received such injuries while in the employ of appellant, at a certain machine in its steel mill or manufacturing establishment, that his left arm was necessarily amputated above the elbow and he lost one finger of the right hand. He was then thirteen years, eleven months and eight days old. Section 1 of the act of 1897 to regulate the employment of children in the state of Illinois enacts: "That no child under the age of 14 years shall be employed, permitted or suffered to work for wages at any gainful occupation hereinafter mentioned." Among the oc-

cupations thereafter mentioned in said act are "Manufacturing establishment, factory or workshop." Section 6 enacts that no "child under the age of 16 years shall be employed or permitted or suffered to work by any person, firm or corporation in this state, at such extra hazardous employment whereby its life or limb is endangered."

When appellee first began working for appellant he was placed there by his father who was then superintendent of the night turn, but the father had ceased to be in the employ of appellant more than a month before this injury and appellant still retained appellee in its employ.

Appellee brought this suit to recover damages for these injuries. The first and second counts of the declaration alleged that appellee was under the age of 14 years and that his employment by appellant was wrongful and was the proximate cause of his injuries and that his injuries were the direct result of said wrongful employment.

The third count averred that appellee was under 16 years of age and that his employment was unlawful and the work at which he was set was extra hazardous. There was a plea of not guilty, a jury trial, a verdict for appellee for $10,000, a motion by appellant for a new trial, which was denied, and a judgment against appellant on the verdict, from which judgment defendant below prosecutes this appeal. It was assigned for error that the damages are excessive, but this assignment is not argued and is therefore waived.

There was one controverted question of fact. The injury occurred while appellee was feeding angle irons into a machine called a straightener. His left arm was caught between two angle irons fed into the machine at once, when only one at a time should have been fed into it, and his left arm was drawn into the machine between these two irons and crushed, and he

received the injuries to his right hand while trying to extricate his arm. Appellee's proof tended to show that he was set at this work by the foreman. Appellant's proof tended to show that the foreman ordered him away from the machine, and that he was set at the work of wheeling angle irons to the straightener, and that his efforts to feed the angle irons into the machine were outside the duties required of him by his foreman and were against his foreman's orders. The foreman admits that he had seen appellee feeding angle irons into this machine at least twenty times before that. There was a man in charge of the machine, and at the time in question he was engaged in adjusting certain parts so as to receive irons of a different size, and the machine was running slowly. The angle irons were being fed to it to test the size of irons which the machine would receive, and to determine whether the adjustment was as desired. This man knew that appellee was at that time feeding the machine, and told him to feed more slowly or to quit. He was therefore at least permitted to do that work by the man in charge of the machine at the time he was injured. The state of the proof is such that we would not be warranted in disturbing the conclusion of the jury on this question of fact after it had been approved by the trial judge.

Appellant seeks a reversal of the judgment upon the ground that the court erred in giving appellee's instruction No. 2, and in refusing instructions Nos. 10, 11, 13, 14 and 15, requested by appellant. Appellee's instruction No. 2, after stating the substance of section 1 of the statute, told the jury that it did not make any difference whether appellee was or was not told by the foreman to work on the straightening machine, if he was under 14 years of age at the time and was working for appellant in its manufacturing establishment for a compensation to be paid him by appellant. The tenor of appellant's 10th instruction refused was that appellee could not recover unless he

was in the exercise of due care; of the 11th, that he could not recover if he was not ordered by the foreman or by any one in authority to work at the machine at which he was injured, but was ordered to perform other labor; of the 13th, that appellee could not recover if at the time of the accident he was doing work which he was forbidden by appellant to do; of the 14th, that he could not recover if at the time he was injured he was doing work which he was not authorized to do by appellant; and of the 15th, that he could not recover unless the proof showed that appellant was negligent as charged in the declaration.

A similar statute was before this court in Marquette Third Vein Coal Company v. Dielie, 110 App. 684. We there said: "The statute absolutely forbids the employment of a child of that age in a mine. One reason, no doubt, is that immature children are liable not to understand the significance and importance of the regulations prescribed for the mine and the employes therein; they may thoughtlessly disobey orders, or expose themselves to peril, or do acts which would be careless in an adult. The company which violates this statute ought not to be allowed to screen itself from liability bcause the child had been injured by reason of those childish traits which give rise to the statute. Statutes like section twenty-two of the mining act, prohibiting the employment of children under certain age limits, are designed to guard against the dangers from accidents to the children of the state, and also to protect the health and general well-being of the children. Such laws are sustainable under the police powers of the state, and should be so construed as to accomplish the object sought to be attained, and to correct the evils sought to be remedied. Holding the employers of children in violation of this statute to a strict liability for any injury that may happen to the child while engaged in such inhibited employment ought to have a wholesome influence tending to check the evils against which the legislation is directed.

* * * We are of opinion defendant should be held liable for any injury which occurs in its mine and by the operation of the mine to an infant whom it has employed there contrary to law. The statute forbids that so young a child should be employed in such a mine.

"This child was exposed to danger, and was injured, because defendant wilfully violated the prohibition of the statute. Defendant exposed this immature child to the dangers from which the statute aimed to protect it. Defendant virtually says, 'True, I put this child in a place of danger, contrary to law, yet if it had been careful, had obeyed my orders and rules, and had done none of those childish acts which are to be expected from one so young and against the perils of which the statute was intended to protect it, it might not have been hurt; and therefore I am not responsible.' We think this position unsound. We hold defendant assumed all risks of injury to the boy arising from his employment in the mine." This judgment was affirmed in the Supreme Court under the same title in 208 Ill. 116, where that court said: "The object sought to be accomplished by the statute was to prevent the employment of boys of immature years in the coal mines of this state, and we think, in case the statute is violated and a boy is injured while engaged in performing manual labor which he is employed or permitted to do in a mine, the statutory liability for damages has accrued." American Car Company v. Armentraut, 214 Ill. 509, was a case under the statute now before us, where it was clear that the defendant had set the child at work at the dangerous machine by which he was injured. It was there held (disposing of appellant's tenth instruction here), that the contributory negligence of the child would not defeat a recovery, saying: "So long as the child continued in the performance of the work he had been directed to do, appellant would be liable for any in-

jury resulting to him, even though the negligence of the child may have contributed to the accident. If the child left the task which he had been directed to perform, and, while not engaged in doing work which he had been directed to do by his master, was injured through an accident to which his own negligence contributed while he was still in or upon the premises of the master, a different question would present itself." By this language the Supreme Court left undecided the question whether appellant is liable to the child here if it was working at this machine, either in disobedience to orders or without any direction to work there.

In Iron & Wire Company v. Green, 108 Tenn. 161, under a like statute, and a case where an infant under twelve years of age was injured in the service of a manufacturing corporation, the plaintiff's testimony was that he was obeying an order of the master when he was injured, while the evidence for the defendant was that he was at the place where he was hurt without orders and on a matter not connected with his employment. It was held that even on the theory of defendant's proof, defendant was liable; that the employment was a violation of the statute; that every injury that resulted therefrom was actionable, and that the relation of cause and effect existed between the employment and the injury. We are of opinion that it is in harmony with the purpose of our statute on this subject that appellant should be held liable even if appellee had left the work he was directed to do and was doing work which the foreman had ordered him not to do, and this even without regarding the directions which the man in charge of the machine gave to appellee, and which recognized his work as proper if he did not feed the machine too fast. Appellant violated that statute when it hired this boy and kept him in its employ. When the foreman found, if he did so find, that appellee was disposed to disobey the foreman's orders, he should have put appel-

lee out of the factory. Appellee was very young and immature, and it is quite likely that he did not realize the importance and necessity of strictly obeying orders. It was against that very childishness that the law intended he should be protected. Therefore we hold the rulings of the court correct on instruction No. 2, given, and on Nos. 10, 11, 13, 14, refused. The 15th instruction was incorrect because it required appellee to prove that appellant was negligent as charged in the declaration, whereas the declaration did not charge negligence, but charged a violation of law.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*