RUSSELL STRAFFORD, Appellee, *vs.* THE REPUBLIC IRON
AND STEEL COMPANY, Appellant.

*Opinion filed February 19, 1909.*

1. MASTER AND SERVANT—*employer is liable in damages for vio-
lation of Child Labor law.* One of the purposes of the Child Labor
law of 1897 (Laws of 1897, p. 90,) was to prevent the employ-
ment of children under fourteen years of age, in any capacity, in
the occupations enumerated in the act, and a liability for dam-
ages resulting from a violation of the act is created whether it is
expressly so declared in the statute or not.

2. SAME—*employer is liable though injury was received when
child was doing forbidden work.* A manufacturing company em-
ploying a child under fourteen years of age to work in its factory
is liable for an injury received by the child while at work in the
factory, even though at the time of the injury he had left the work
he was employed to do and was attempting work he had not been
directed to perform or which he had been forbidden to do; and
the contributory negligence of the child is no defense to an action
for damages for the injury. (*American Car Co.* v. *Armentraut,*
214 Ill. 509, explained.)

APPEAL from the Appellate Court for the Second Dis-
trict;—heard in that court on appeal from the Circuit Court
of Rock Island county; the Hon. WILLIAM H. GEST, Judge,
presiding.

RICHARD JONES, JR., WILLIAM A. MEESE, and PEEK &
DIETZ, for appellant:

The mere fact that an employee hired in violation of the
statute is injured, does not, of itself, entitle him to recover.
In such a case the unlawful employment must be the direct
and proximate cause of the injury. *Nickey* v. *Steuder,* 73
N. E. Rep. 117; *Goodwillie* v. *L. & G. Co.* 108 Wis. 87;
*Evans* v. *Tube Co.* 42 Fed. Rep. 519; *Katcher* v. *Good-
willie,* 93 Wis. 448.

Where, at the time of the injury, such an employee has
disregarded the scope of his authority and the directions of
his employer, and is engaged at a task which he was not di-

rected or which he was expressly forbidden to perform, his contributory negligence is a necessary element to be considered in determining his right to recover. *Foundry Co. v. Armentraut,* 214 Ill. 509; *Evans* v. *Tube Co.* 42 Fed. Rep. 519; *Lee* v. *Silk Manf. Co.* 110 N. Y. Supp. 78; *Young* v. *Dietzgen Co.* 76 id. 123; 176 N. Y. 590; *Marino* v. *Lehmaier,* 173 id. 531.

W. R. MOORE, for appellee:

If a child under fourteen years of age, employed in violation of the Child Labor law, is injured while doing the work he is directed to do by his employer by the machinery with which he is working, the employer is liable, irrespective of the question of the contributory negligence of the child. *Foundry Co.* v. *Armentraut,* 214 Ill. 509; Hurd's Stat. 1903, chap. 48, sec. 33.

If a company knowingly employs a boy under fourteen years of age the statutory liability accrues when the boy is injured, and the question of willful violation of the statute and proximate cause of injury are questions of fact. *Coal Co.* v. *Dielie,* 208 Ill. 116.

Where an accident to a child under lawful age, employed in a factory, could not have happened but for the employment, such unlawful employment is, of itself, evidence of negligence. *Marino* v. *Lehmaier,* 173 N. Y. 530; *Lenahan* v. *Coal Co.* 67 Atl. Rep. 642.

The employment of an infant in violation of a statute forbidding such employment and declaring it a misdemeanor constitutes *per se* such negligence as makes the employer liable for all injuries sustained by the infant in the course of his employment. *Wire Co.* v. *Green,* 108 Tenn. 161; *Bromberg* v. *Laundry Co.* 134 Iowa, 38; *Leathers* v. *Tobacco Co.* 57 S. E. Rep. 11.

The fact that an infant employed is under an age prohibited by law makes a *prima facie* case of damages against the employer. *Perry* v. *Tozer,* 90 Minn. 431.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court in favor of appellee for $10,000 for personal injuries. Appellee is a minor, and was employed by appellant to work in its steel mill or manufacturing establishment about the middle of May, 1906. On the 25th day of October, 1906, while feeding angle-irons into the "straightening machine," he received injuries that resulted in the loss of his left arm and one finger of the right hand. At the time of said injury appellee was thirteen years, eleven months and eight days old. The first two counts of the declaration are based on section 1 of the act of 1897, (Hurd's Stat. 1908, p. 1038,) which provides "that no child under the age of fourteen years shall be employed, permitted or suffered to work for wages at any gainful occupation hereinafter mentioned." The occupations thereafter mentioned in the act embrace manufacturing establishments, factories and workshops. The third count is based on section 6 of said act, which provides that "no child under the age of sixteen years shall be employed, or permitted or suffered to work by any person, firm or corporation in this State at such extra-hazardous employment whereby its life or limb is in danger, or its health is likely to be injured, or its morals may be depraved." Each count of the declaration charged that the employment of appellee by appellant was unlawful and was the proximate cause of his injuries. Appellant pleaded the general issue, and a trial by jury resulted in a verdict in favor of appellee for $10,000, upon which the circuit court, after overruling a motion for a new trial, rendered judgment, and the Appellate Court for the Second District has affirmed that judgment.

It was a controverted question of fact on the trial whether appellee was set at the work he was performing when injured, by appellant's foreman, or whether he had been set to do other work which he quit without orders to

do so, and, without any directions from the foreman but against his orders, began the work of feeding angle-irons into the machine, which he was engaged in doing when injured. The proof offered by appellee tended to show he was set at the work he was engaged at when injured, by the foreman, while the proof offered by appellant tended to show he was set at other work and ordered not to work at the straightening machine. Appellant's contention is that it was incumbent upon appellee to prove his injury was the direct and proximate result of the unlawful employment, and that if he had of his own accord left the work he was employed for and directed to do and attempted to do a different character of work which he was forbidden to do, and was injured while so engaged, and his own negligence contributed to the injury, then there can be no recovery.

The second instruction given on motion of appellee is as follows:

"The jury are instructed that in this case the law is that no child under the age of fourteen years shall be employed, permitted or suffered to work at any gainful occupation in any mercantile institution, store, office, laundry, manufacturing establishment, factory or workshop within this State; and in this case it does not make any difference whether the plaintiff was or was not told by the foreman to work on the straightening machine, if you believe, from the evidence, the plaintiff was under the age of fourteen years at the time he was injured and was at that time working for defendant in its manufacturing establishment for a compensation to him to be paid by defendant."

The court refused instructions asked by appellant to the effect that it was incumbent upon appellee to prove that he was in the exercise of due care, and that he could not recover if at the time of the accident he was doing work he was not authorized to perform or which he had been forbidden to do. The correctness of the court's rulings in giving appellee's instruction No. 2 and refusing those asked by

the appellant are the only questions presented for our consideration.

In *American Car Co.* v. *Armentraut,* 214 Ill. 509, it was held that one of the purposes of the statute was to protect children from their own immaturity, inexperience and heedlessness, and that where a child under fourteen years of age employed in violation of the statute was injured while engaged in the performance of the work he was directed to do, the negligence of the child, though it may have contributed to the injury, was no defense to the liability of the employer.    In that case the child was injured while engaged in doing the work it was directed to do by the employer.    After stating the rule announced in the opinion that contributory negligence was not a defense where the injury resulted while the child was performing the work he was directed to do, the court said: "If the child left the task which he had been directed to perform, and, while not engaged in doing work which he had been directed to do by his master, was injured through an accident to which his own negligence contributed while he was still in or upon the premises of the master, a different question would present itself." This language, appellant insists, indicates the view of the court was, that in such cases contributory negligence would constitute a defense.    We do not think it means any more than it said,—*i. e.,* that the court had no such question as that before it for consideration,—and is not to be accepted as an expression of the court's view of the law if such question had been presented.    The statute in express and positive language forbade the employment of appellee in the business appellant was engaged in, in any capacity, and in the *Armentraut case* it was said such construction should be given the act as to effectuate its purpose, if it can be done without violence to the letter of the statute.    The validity of such statutes has been sustained as an exercise of the police power of the State upon the ground that the State is interested in the protection of children, and

to that end may pass laws preventing their employment at a tender age, when they should be in school, in occupations that expose them to danger of being crippled and maimed for life, and thereby rendered less capable of taking care of themselves and discharging the duties of citizenship on arriving at maturity. The wisdom and humanity of the statute cannot be questioned, and in the *Armentraut case* we held that an employer must know, at his peril, that children employed by him are of an age that he may lawfully employ them. It is a matter of common knowledge and experience that boys under fourteen years of age are less cautious and careful than persons of more mature age, and cannot be expected to observe and follow directions and instructions given for their protection, like older persons. This lack of appreciation of danger and regard for authority are matters which, no doubt, had an influence on the legislature in the adoption of so sweeping an act. There may be, and doubtless are, positions in the industries in which children under fourteen years of age are forbidden by the statute to be employed, where there would be little or no hazard to life or limb if the child confined himself exclusively to the duties of such position; but the childish inclination to experiment and do something he has seen others do is so well known as to make it dangerous to permit his employment in establishments, especially where machinery is used, and the legislature has therefore seen fit to prohibit his employment in any capacity in such establishments; and we are of opinion that to hold that a child who is employed in violation of the statute and directed to perform a certain line of work, but who temporarily abandons it and attempts to do something else in the master's business, whereby he is injured, is precluded from recovering if his negligence contributed to his injury, would seriously affect the purposes sought to be accomplished by the statute. Nor, in such case, can it reasonably be said that there is no causal connection between the employment and the injury.

Appellant, assuming the fact to be as contended by it, that appellee had of his own accord left the work he was employed and directed to do and engaged in work he was forbidden to perform when injured, argues that there is no more reason for saying his injury resulted from his employment than there would be if he had, while in appellant's employment, been struck by lightning. It is true, liability does not depend, alone, upon the employment, but the injury must be a consequence of such employment. The mere fact that a child employed in violation of law receives an injury in nowise resulting from the employment would not create a liability. But such is not the case here. The vital and distinguishing fact here is that appellee was employed by appellant to labor in its manufacturing establishment and while engaged in performing services for it in said establishment he was injured. He was in appellant's plant by virtue of his employment to work for it, and the fact that he may have temporarily abandoned the work he was employed and directed to do and engaged in a forbidden line we think does not destroy the causal relation between the employment and the injury, and if it does not, contributory negligence of appellee would constitute no defense, and the court did not err in refusing to submit that question to the jury. It is imposing no harsh burden on appellant to hold that having unlawfully employed the appellee to labor in its plant it is liable to him for any injury received by him resulting from the performance of services for it, whether those services were in the line he was directed to perform or not. The law forbids, and was enacted for the purpose of preventing, the employment of children in any capacity in such establishments as appellant's, and it is contrary to the spirit of the law to say that the consequences of its willful violation may be avoided by showing that the child left the work given it to perform and negligently undertook to do something else, which resulted in the injury. If appellant thought it had set appellee to perform work he could

safely perform and had forbidden him to perform other work thought to be dangerous to him, it was bound, at its peril, to see to it that appellee did not attempt to engage in a forbidden line. Appellant was bound to know that on account of appellee's tender years he was not capable of a proper appreciation of danger, and was also bound to know that on account of his immaturity he was incapable of a proper comprehension of the necessity for obedience to orders of those in authority, and, under such circumstances, if it chose to violate the law by employing him, it assumed the burden of protecting him against his own negligence while engaged in such employment. The fact that the statute under consideration does not in express terms provide a liability in damages for its violation, as is done by certain statutes relating to mines and miners, can make no difference under the construction given the statute in *American Car Co.* v. *Armentraut, supra.* The statute was enacted for the protection of the health and safety of children, and a liability for damages resulting from its violation is created whether it is expressly so declared in the statute or not.

Appellant cites cases from other jurisdictions which tend to support its contention that the court should have submitted the question of appellee's contributory negligence to the jury, notably *Evans* v. *American Iron and Tube Co.* 42 Fed. Rep. 510, which squarely decides the question as contended for by the appellant. The reasoning of other cases cited, while not so precisely in point, tends to support that view. Some of them are in conflict with our decision in the *Armentraut case,* and the reasoning in none of them appeals to us with such force as that we would feel justified in following them.

*Ornamental Iron and Wire Co.* v. *Green,* 108 Tenn. 161, (65 S. W. Rep. 399,) we think in point in support of our view. The code of Tennessee prohibited the employment of any child under twelve years of age in any workshop,

mill, factory or mine and provided a penalty for its viola-
tion. A boy under the prohibited age, employed by the iron
and wire company, was injured by some panels of iron
fence which had been stacked up, falling upon him. The
contention of the plaintiff was that he was passing the stack
of iron fence on his way to deliver a message to another
employee of defendant, under the directions of his superior,
when he accidentally stumbled against the panels of fence
and the pile toppled over on him. The defendant's conten-
tion was that the plaintiff went to the place where he was
hurt without orders and not on any matters connected with
his employment, and was playing with the stack of fence
panels when he lost his balance, fell backwards and drew
them down upon him. On the trial the defendant requested
the court to instruct the jury that if the injury occurred to
plaintiff while not engaged in and about any work for de-
fendant but while playing with the panels of fence he could
not recover. The court held that this request was properly
denied, and that, even upon defendant's theory, it was li-
able for the reason that the employment was a violation of
the statute and that every injury resulting from such em-
ployment is actionable. The court said: "In the case pre-
sented by the plaintiff below, as well as in that adduced by
the defendant company, the connection between the employ-
ment and the injury is that of cause and effect and brings
the complaint within the operation of the statute." Appel-
lant has endeavored to explain this case as not being in
conflict with its position, but we do not so understand it.
Instruction No. 2 given at the request of appellee did not
take from the jury the question whether his injury was the
result of his employment by appellant, but instructed them
that whether appellee was or was not told by appellant's
foreman to work on the straightening machine could make
no difference as to the liability, if the evidence showed that
he was under fourteen years of age and was at the time of

his injury working for appellant in its manufacturing establishment for compensation to be paid him by appellant.

We are of opinion there was no error committed by the court in giving and refusing instructions, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*