Amold Seghetti by Adolph Seghetti, Plaintiff in Error, v. B. F. Berry Coal Company, Defendant in Error.

Gen. No. 5,827.

1. MINES AND MINERALS, § 141*—*sufficiency of declaration in suit by a minor employe for injuries.* In an action against a coal mining company for injuries sustained by a minor employe while engaged in working in a mine, a general demurrer to five counts in the declaration *held* improperly sustained as to four of the counts and properly sustained as to the other.

2. MINES AND MINERALS, § 143*—*when declaration sufficient on general demurrer.* In an action to recover for injuries sustained by an employe in a mine, a count in the declaration is not bad for failure to show that plaintiff was in the place in question, at the time in question, in the discharge of his duty to the defendant.

3. MINES AND MINERALS, § 730*—*right to recover damages for violation of statute requiring certificate of employes.* Section 6 of the Act of 1908 as amended in 1909, J. & A. ¶ 7525, providing that no person shall be engaged as a miner who has not obtained a certificate of competency and qualification, does not provide for a recovery of damages resulting from its violation.

4. NEGLIGENCE, § 8*—*when violation of statute imposing a duty is actionable negligence.* The violation of a statute imposing a duty is actionable negligence on the same principle that the omission of a duty otherwise imposed may be a ground of action; but the duty imposed must be for the benefit of the person injured and there must be a causal relation between the act and the injury.

Error to the Circuit Court of Putnam county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

J. L. MURPHY, for plaintiff in error.

McDOUGALL, CHAPMAN & BAYNE, for defendant in error; MASTIN & SHERLOCK, of counsel.

MR. JUSTICE CARNES delivered the opinion of the court.

Amold Seghetti, plaintiff in error, sued B. F. Berry Coal Company, defendant in error, to recover for injuries received as a miner in the defendant's coal mine and filed a declaration containing five counts. A general demurrer to the declaration and each count thereof was sustained and final judgment against plaintiff followed to review which this writ of error prosecuted.

The first count described the mine in which plaintiff was employed by defendant and the place therein where he worked, mining into a wall of coal in front of him about forty feet across, and avers there was a similar working place at plaintiff's left occupied by two miners, to him unknown; that the last mentioned working place had long been and was out of repair; no timbers, props, etc., had been provided there by the defendant for those two men to secure it; roof and coal were unpropped, unspragged and unsecured from falling. That plaintiff in the line of his duty and in order to avoid falls, slips and other dangers that might occur in his own place had frequently to go into said defective room. That plaintiff was in his seventeenth year, inexperienced in the work and in the manner of saving himself from danger. That the men that worked in said defective room were inexperienced, reckless and negligent and used to keep their said room in a dangerous condition so that the coal was liable to fall on any person that entered that room there. That defendant had notice for a long time of all said matters and plaintiff knew of none of them, and could not in the exercise of reasonable care have known of any of them,

in time to avoid the injury complained of. That the defendant failed to instruct plaintiff how to avoid danger, failed to cause a conspicuous mark or other signal to be displayed thereat and allowed the other conditions aforesaid. And while the plaintiff in the exercise of reasonable care for his safety, and in the line of his duty, was rightfully in said defective working place where he had gone to avoid a fall and danger that was threatening him, and that he reasonably apprehended might occur at his own place, he was unavoidably, and without his fault, caught and crushed under a great fall of coal that fell, because of the reasons aforesaid, and sustained injuries, etc. This count seems to us a sufficient statement of a common-law cause of action. Some of the allegations of negligence are based on violation of the statute, but it is framed as a common-law count and may well be based on the violation of a duty imposed by statute. The second, third and fourth counts are in general description like the first, and charge, specifically, wilful violations by the defendant of provisions of the Miners' Act, ch. 93, R. S. (J. & A. ¶¶ 7475 *et seq.*) and resulting injury, and do not allege due care on the part of the plaintiff, which is not necessary in a count framed under that act. Each of these counts in our opinion states a cause of action. It is argued that each count fails to show that plaintiff was in the place in question, at the time in question, in the discharge of his duty to the defendant. It is true that fact must be shown, and we think it does sufficiently appear, and no count is, on general demurrer, bad in that respect under the principles announced in discussions of that question in the case of *Mackey v. Northern Milling Co.*, 210 Ill. 115, and later cases citing and following that case. Whether any of the counts are bad for duplicity is not a question that arises on general demurrer. *Holmes v. Chicago & A. R. Co.*, 94 Ill. 439.

The fifth count charges, as negligence of the defendant, a violation of the Statute of 1908 as amended in

1909. Hurd's R. S. ch. 93 (J. & A. ¶¶ 7520 *et seq.*). Among the purposes of the act, recited in the title, is: "To provide for the safety of persons employed in and about coal mines;" and it is provided in section 6 (J. & A. ¶ 7525) of the Act: "That no person shall hereafter engage as a miner in any coal mine without having obtained such certificate as aforesaid (a certificate of competency and qualification). And no person shall employ any person as a miner who does not hold such certificate as aforesaid, and no mine foreman or superintendent shall permit or suffer any person to be employed under him, or in the mines under his charge and supervision as a miner except as herein provided, who does not hold such certificate. Any person or persons who shall violate or fail to comply with the provisions of this Act shall be guilty of a misdemeanor, and on conviction thereof shall be sentenced to pay a fine of not less than one hundred dollars and not more than five hundred dollars, or shall undergo imprisonment in the county jail for a term of not less than thirty days and not to exceed six months, or both, at the discretion of the court." The act does not provide for a recovery of damages resulting from its violation.

The violation of a statute imposing a duty is actionable negligence on the same principle that the omission of duty otherwise imposed may be a ground of action; but the duty imposed must be for the benefit of the person injured and there must be a causal relation between the act and the injury. See authorities cited in 29 Cyc. page 436, and following pages; and *Gibson v. Leonard,* 143 Ill. 182; *Williams v. Chicago & A. R. Co.,* 135 Ill. 491; and *Paietta v. Illinois Zinc Co.,* 153 Ill. App. 506. There is a manifest distinction and difference between statutes that do and do not provide for the recovery of damages for injuries resulting from their violation. There is a line of cases, beginning with *Strafford v. Republic Iron & Steel Co.,* 238 Ill. 371, affirming 142 Ill. App. 461, down to *Purtell v. Phila-*

*delphia Coal Co.,* 256 Ill. 110, holding that one who, contrary to the statute, employs a child at a prohibited employment is liable for resulting injuries and that neither contributory negligence nor disobedience of orders is a defense; that the liability results from the violation of the act, though not expressly declared in the statute, and that it is immaterial that the child represented at the time of his employment that he was over the prescribed age, the Court saying in *Beau-champ v. Sturges & Burn Mfg. Co.,* 250 Ill. 303: "The law is, that if the appellant employed the appellee in violation of the statute it is liable if he was injured while in such employment." In the same case the Court holds, on the authority of *American Car & Foundry Co. v. Armentraut,* 214 Ill. 509, that it was immaterial that the child represented to his employer at the time of the hiring that he was over seventeen years old; but recognizes the doctrine that the law will not permit a plaintiff to recover where his own unlawful act concurs in causing the injury of which he complains, and said it did not apply because the statute in question was aimed at the master and not the servant; that the act of the child in accepting employment was not unlawful. The statute in question in the case at bar is aimed at both the master and the servant, therefore the reason for the rule announced in the *Armentraut* case, *supra,* at least in part failed.

The only purpose this fifth count serves is to raise the question whether plaintiff can rely on the violation of this statute by the defendant as a ground of negligence on which this action can be maintained. It is not alleged that the violation was wilful and not alleged in this count that plaintiff is a minor, therefore the question is presented whether an adult can on that ground sustain an action for negligence resulting in his injury. No authority is presented sustaining such a position and we know of none, and it seems to us on principle that an adult competent to contract and responsible for his own acts should not be permitted to

compel another to respond to him in damages for an injury resulting from a negligent act that required his co-operation, and in the performance of which he is equally guilty. The violation of a duty imposed by statute is well recognized in this State as supporting the defense of contributory negligence, if it in fact contributed to the injury. The pleader in this count intends to charge a common-law liability arising from the violation of this statute by the defendant, which violation is proof of negligence. The count necessarily contains the averment of due care on the part of plaintiff. If the violation of this statute is negligence, causing or contributing to the injury in question, then plaintiff on his own showing was guilty of contributory negligence.

We hold the demurrer was improperly sustained to each of the first four counts, and properly sustained to the fifth count.

The judgment is therefore reversed and the case remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*