(No. 29764.—

PAUL H. FERGUSON, Guardian, Plaintiff in Error *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ILLINOIS CATERERS, Defendant in Error.)

*Opinion filed May 22, 1947—Rehearing denied September 15, 1947.*

FERGUSON & FERGUSON, of Decatur, and GIFFIN, WINNING, LINDNER, NEWKIRK & JONES, of Springfield, (ROBERT H. BRUNSMAN, ROBERT F. HAILS, and GEORGE K. BLANCHARD, of counsel,) for plaintiff in error.

HENRY KNELLER, of Peoria, (GEORGE W. ANGERSTEIN, and THOMAS C. ANGERSTEIN, both of Chicago, of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a writ of error to review the judgment and order of the circuit court of La Salle county which con-

firmed the action of the Industrial Commission denying compensation to the plaintiff in error for injuries sustained by his ward.

On February 11, 1944, Henry Betzer, a minor of 15 years of age, was employed by Illinois Caterers at Seneca, La Salle county, Illinois, as a truck driver at a weekly wage of $26.40. Betzer's hours of work were from 8:00 o'clock P.M. until 5:00 o'clock A.M. and his duties were to drive a truck making deliveries of food to various canteens operated by the Illinois Caterers in connection with the shipyards of the Chicago Bridge and Iron Company. Shortly after midnight on February 11, 1944, while Betzer was making a delivery to one of the canteens he backed his truck and ran into another car. In attempting to stop the truck, his right foot slipped off the brake pedal and he sustained a scratch and bruise on the outside of his right ankle. The injury did not appear to be severe at that time and no report of the accident was made to the employer. Betzer discontinued his employment on the same day. About four days later Betzer noticed that the scratch was sore, and a few days later his mother began to administer home remedies. On March 3, 1944, he went to a doctor. His condition became worse and on March 7, 1944, he entered a hospital for treatment and remained there until March 26, 1944. Subsequently, he re-entered the hospital, on two occasions, for treatment. His condition was diagnosed as traumatic osteomyelitis, and it was necessary to have several operations performed on his leg in order to secure proper drainage of the infected area. The medical testimony indicates that he has sustained a permanent injury and that the leg will be somewhat smaller because of a chronic infection, may never be as strong as the other leg and may cause him to limp for the rest of his life.

Paul H. Ferguson was appointed guardian of the estate of Betzer on June 17, 1943, but he had no knowledge of his ward's injury until about March 15, 1944. On March

20, 1944, Ferguson sent a notice of claim under the Workmen's Compensation Act, by registered mail, to the Chicago Bridge and Iron Company. On April 18, 1944, a representative of the Globe Insurance Company called at Ferguson's office and informed him that his company was the insurance carrier for Illinois Caterers and had received the notice of claim for injuries which had been directed to the Chicago Bridge and Iron Company. This was the first knowledge that Ferguson had that the employer actually was the Illinois Caterers instead of the Chicago Bridge and Iron Company. The insurance company representative called on Betzer at the hospital in order to get more details of the injury. On August 16, 1944, an application for adjustment of claim was filed with the Industrial Commission by Ferguson. A hearing was had before an arbitrator who denied the claim on the ground that notice of the injury was not given to the employer by either the minor or his guardian within 30 days, as required by section 24 of the Workmen's Compensation Act. This decision was sustained by the Industrial Commission and by the circuit court. The question in the case is whether a minor is bound by the compensation act requiring that the employee give notice of the accident to his employer within 30 days after the same occurs.

Counsel for the plaintiff in error argue that a minor is under a legal disability which prevents him from prosecuting a legal proceeding in his own name and that, therefore, he is not subject to the provisions of section 24 of the Workmen's Compensation Act, which establishes a limitation upon the right of employees to claim compensation unless due and proper notice of the accident has been furnished the employer. (Ill. Rev. Stat. 1945, chap. 48, par. 161.) Counsel for the employer contend that under section 5 of the Workmen's Compensation Act a minor employee must be considered the same as an adult, since under that section he has been given the power to con-

tract, receive payments and give quittances therefor, the same as an adult. Ill. Rev. Stat. 1945, chap. 48, par. 142.

Section 5 of the act provides: "The term 'employee' as used in this Act, shall be construed to mean: * * * Every person in the service of another under any contract of hire, express or implied, oral or written, including * * * minors who, for the purpose of this Act shall be considered the same and have the same power to contract, receive payments and give quittances therefor, as adult employees, * * *." Section 24 of the act provides: "No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than thirty days after the accident, * * *. No defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings of arbitration or otherwise by the employee unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inaccuracy. Notice of the accident shall give the approximate date and place of the accident, if known, and may be given orally or in writing."

Plaintiff in error insists that since there is no provision in the act that expressly subjects a minor's rights to limitations of time, the common-law principles safeguarding him against statutory limitations necessarily apply.

The Workmen's Compensation Act provides an entirely different method of compensating the injury of an employee from that provided by the common law. The power of the General Assembly to so provide has been sustained and is not doubted here. Nor is it denied that the notice required by the act is jurisdictional. The question then is one of the construction of the provisions of the act hereinabove quoted. That the General Assembly could have excluded minor employees from the jurisdictional provisions as to notice is not doubted, but the question is rather whether the provisions of the act indicate an inten-

tion that they shall not be bound. This question has not heretofore been directly presented to this court. Counsel for plaintiff in error argue that as a minor's legal disability prevents him from prosecuting a legal proceeding in his own name, he is not subject to the provisions of section 24. A claim for compensation, filed before the commission, is not an action at law, in chancery, or a judicial proceeding. The commission, a creature of the statute, is not a court. It is an administrative body charged with the duty of administering the act under which it was created. The liability or nonliability of an employer is one imposed by the act itself, and unless an employee, claiming the right to an award, brings himself within the jurisdictional provisions of the act, no award can be granted him. (*Keller* v. *Industrial Com.* 350 Ill. 390.) Whether the General Assembly intended to make an exception as to minor's right must be gathered from the act itself. After the decision of this court in *Walgreen Co.* v. *Industrial Com.* 323 Ill. 194, holding that the limitation of time within which an application for an award should be made did not run against a minor so long as he was without a guardian, the General Assembly, by an act effective July 1, 1927, (Laws of 1927, pp. 507 and 517,) amended sections 8 and 24. The words in said section 24, "In cases of mental incapacity of the employees, notice must be given within six months after such accident," were changed to read as the section now reads: "In case of mental incapacity of the employee or any dependents of a deceased employee who may be entitled to compensation under the provisions of this Act, the limitations of time by this Act provided shall not begin to run against said mental incompetents until a conservator or guardian has been appointed." The amendment of the two sections, after the decision of this court in the *Walgreen case,* affecting the applicability of the act to "mentally incompetents" must have been intended to have some meaning. This must be

so when considered with section 5 of the act, (Ill. Rev. Stat. 1945, chap. 48, par. 142,) which provides that the "term 'employee' as used in this Act shall be construed to mean: * * * Every person in the service of another under any contract of hire * * * including * * * minors who, for the purpose of this Act shall be considered the same and have the same power to contract, receive payments and give quittances therefor, as adult employees, * * *."

Had the General Assembly intended, in amending subsection (h) of section 8 and section 24 as above noted, to include, as exempted from the requirement as to notice, minors as well as "mental incompetents," it must be presumed that it would have said so. The argument that one may not know, in the case of a minor scratch, whether the injury may develop into something serious, applies as much to such scratches when received by an adult as by a minor. It was evidently the intention of the General Assembly, in declaring that minor employees shall be considered the same as adult employees, to exclude them from the provision relating to mentally incompetents. An amendment of this section is a legislative and not a judicial function.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*