(No. 44637, 44638 cons. )

JERRY JOHNSON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Caron Spinning Co., Appellee.)

*Opinion filed Oct. 2, 1972.—Rehearing denied Nov. 29, 1972.*

ASHER, GREENFIELD, GUBBINS & SEGALL, of Chicago (JOHN J. McNICOLS and RICHARD O. GREENFIELD, of counsel), for appellant.

WILLIAMS, McCARTHY, KINLEY, RUDY & PICHA, of Rockford (JOHN C. McCARTHY and GEORGE J. PICHA, of counsel) for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The sole issue presented in these consolidated appeals is whether the limitations provisions of the Workmen's Compensation Act (Ill.Rev.Stat. 1965, ch. 48, par. 138.6 (c)(3)) apply to a minor employee for whom no guardian has been appointed.

Jerry Johnson was allegedly injured on May 17, 1963, when he was 17 years old, and again on January 11, 1965, when he was 18. Separate applications for compensation were filed on March 17, 1966, while he was still a minor. Those applications were dismissed by the arbitrator, that action was affirmed by the Industrial Commission and its decision was confirmed by the circuit court of Ogle County for the reason that the applications were not filed within the one-year period provided by the Act, the

pertinent limitations provision of which reads as follows:

"In any case, other than one where the injury was caused by exposure to radiological materials or equipment unless application for compensation is filed with the Commission within 1 year after the date of the accident, where no compensation has been paid, or within 1 year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred." Ill.Rev.Stat. 1965, ch. 48, par. 138.6(c)(3).

While this section is general in its terms, even such general language has been construed to contain exceptions which reflect well-established rules of law (*Walgreen Co. v. Industrial Com. (1926), 323 Ill. 194; McDonald v. City of Spring Valley (1918), 285 Ill. 52*), and, given the long-established recognition of the special status of minors in the law, it must be considered "that a minor should not be precluded from enforcing his rights unless clearly debarred from so doing by some statute or constitutional provision." (*Walgreen Co. v. Industrial Com. (1926), 323 Ill. 194, 197.*) The legislative intent reflected by the Act is determinative, and this court has twice previously sought to discern that intent in closely related situations. *Walgreen Co. v. Industrial Com. (1926), 323 Ill. 194; Ferguson v. Industrial Com. (1947), 397 Ill. 348.*

The appellant argues that the decision of this court in *Walgreen*, holding that the time limitations of the 1919 Workmen's Compensation Act (Smith, Ill.Rev.Stat. 1921, ch. 48 par. 161) did not apply to the rights of a minor so long as he was without a guardian, is controlling here, and that the later holding of *Ferguson v. Industrial Com. (1947), 397 Ill. 348*, that the thirty-day notice requirement was binding on minors, is inapposite since it dealt with a jursidictional provision and not merely a provision of limitation as *Walgreen* allegedly did. We cannot agree.

In *Walgreen* this court decided that the unqualified term "incompetent" included a minor and therefore section 8(h) of the 1919 Workmen's Compensation Act (Smith, Ill.Rev.Stat. 1921, ch. 48, par. 145(h)) applied,

and the six-month period for filing claims for compensation did not begin to run against the minor employee until a guardian had been appointed for him. Section 8(h) then read as follows:

> "*** In case an injured employee shall be *incompetent* at the time when any right or privilege accrues to him under the provisions of this Act a conservator or guardian may be appointed, pursuant to law, and may, on behalf of such incompetent, claim and exercise any such right or privilege with the same force and effect as if the employee himself had been competent and had claimed or exercised said right or privilege; and no limitations of time by this Act provided shall run so long as said incompetent employee is without a conservator or a guardian." (Emphasis added.) (Smith, Ill.Rev.Stat. 1921, ch. 48, par. 145(h).)

In its next session following the *Walgreen* decision, the General Assembly amended section 8(h) to provide: "In case an injured employee shall be *mentally* incompetent ***." (Emphasis added.) Smith-Hurd, Ill.Rev.Stat. 1927, ch. 48, par. 145(h).

Subsequently this court held that a minor employee is bound by the provisions of the Act requiring notice of the accident within 30 days. (*Ferguson v. Industrial Com. (1947), 397 Ill. 348.*) In reaching that conclusion the court stated at pages 351-353:

"Plaintiff in error insists that since there is no provision in the act that expressly subjects a minor's rights to limitations of time, the common-law principles of safeguarding him against statutory limitations necessarily apply.

"*** That the General Assembly could have excluded minor employees from the jurisdictional provisions as to notice is not doubted, but the question is rather whether the provisions of the act indicate an intention that they shall not be bound. *** Whether the General Assembly intended to make an exception as to minor's right must be gathered from the act itself. After the decision of this court in *Walgreen Co. v. Industrial Com. 323 Ill. 194,*

holding that the limitation of time within which an application for an award should be made did not run against a minor so long as he was without a guardian, the General Assembly, by an act effective July 1, 1927, (Laws of 1927, pp. 507 and 517,) amended sections 8 and 24. *** The amendment of the two sections, after the decision of this court in the *Walgreen case,* affecting the applicability of the act to 'mentally incompetents' must have been intended to have some meaning. This must be so when considered with section 5 of the act, (Ill.Rev.Stat. 1945, chap. 48, par. 142,) which provides that the 'term "employee" as used in this Act shall be construed to mean: *** Every person in the service of another under any contract of hire *** including *** minors who, for the purpose of this Act shall be considered the same and have the same power to contract, receive payments and give quittance therefor, as adult employees, ***.'

"Had the General Assembly intended, in amending subsection (h) of section 8 and section 24 as above noted, to include, as exempted from the requirement as to notice, minors as well as 'mental incompetents,' it must be presumed that it would have said so. *** It was evidently the intention of the General Assembly, in declaring that minor employees shall be considered the same as adult employees, to exclude them from the provision relating to mentally incompetents."

In our opinion *Ferguson* is controlling here inasmuch as the pertinent statutory wording has remained unchanged, despite other amendments of these provisions by the General Assembly. 34 I.L.P., Statutes, sec. 134, p. 128; see Ill.Rev.Stat. 1965, ch. 48, par. 138.8(h), formerly ch. 48, par. 145(h); Ill.Rev.Stat. 1965, ch. 48, par. 138.6(c)(3), formerly ch. 48, par. 161.

Furthermore, in our judgment, the appellant's attempt to draw a distinction between *Ferguson* and *Walgreen,* on the ground that *Ferguson* related to a jurisdictional requirement and *Walgreen* to a limitations provision, is

without merit. Not only did this court in each instance base its determination of legislative intent upon the same statutory provisions, albeit amended in the interim, but also in both cases the court was concerned with whether a minor was bound by jurisdictional requirements of the Act. In *Walgreen,* the minor had not complied with that portion of section 24 of the 1919 Act which read as follows: "No proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident \*\*\*." (*Walgreen, 323 Ill. at 195.*) That provision, which remained in section 24 until 1951 even after the one-year limitation provision was added in 1927 (Smith-Hurd, Ill.Rev.Stat. 1927, ch. 48, par. 161), was consistently held to be a jurisdictional requirement and a condition precedent to maintaining an action under the Act. See, *e.g., Inland Rubber Co. v. Industrial Com. (1923), 309 Ill. 43; Railway Express Agency v. Industrial Com. (1953), 415 Ill. 294; Corn Products Refining Co. v. Industrial Com. (1955), 6 Ill.2d 439.*

Accordingly, we hold that appellant, although a minor, was bound by the one-year limitation of the Act, and having failed to file within the specified time limit his applications were properly dismissed.

The judgment of the Ogle County circuit court is affirmed.

*Judgment affirmed.*