DAVID E. YERK, a Minor, by Martha Wierck, His Mother and Next Friend, Plaintiff-Appellant, *v.* ROCKFORD COCA COLA BOTTLING COMPANY, Defendant-Appellee.

(No. 72-184;

Second District—June 12, 1973.

Craig A. Ridings, of Yalden & Ridings, of Rockford, for appellant.

Gilbert & Powers, of Rockford, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff appeals from the grant of defendant's motion for summary judgment, and from the denial of plaintiff's motion for summary judgment. The dismissed claim is based on section 7 of the Child Labor Act which forbids the employment of minors under the age of 16 years in certain hazardous occupations. Ill. Rev. Stat. 1969, ch. 48, par. 31.7.[1]

It is undisputed that plaintiff was injured while illegally employed by defendant at work which was "about or in connection with power-driven machinery" (A bottle sorting machine). Plaintiff suffered injuries on September 24, 1970, during working hours in defendant's plant when he was assaulted by a fellow employee. The assault arose out of an incident in which a walnut was thrown at plaintiff, thrown back, with shouting, pushing, and a fight then ensuing. Plaintiff's injuries stem from being punched in the mouth by the fellow employee. Plaintiff filed a rejection of his rights to file a claim under the Workmen's Compensation Act, and instituted this suit. The trial court in granting summary judgment under the undisputed facts, held that the action did not lie under the Child Labor statute because the injuries resulting from the fight were not reasonably related to plaintiff's employment.

The plaintiff, in effect, contends that the mere fact of illegal employment makes the employer liable for the injury incurred. Defendant argues that the injury must be reasonably related to the work on the dangerous machinery in the defendant's plant; and, by analogy to the cases under the Workmen's Compensation Act, that an assault by a fellow employee is unrelated to the employment.

██ The Workmen's Compensation Act as amended (Ill. Rev. Stat. 1971, ch. 48, pars. 138.1(b)(2), 138.8(i)), encompasses claims by illegally employed minors, and forecloses actions under the child labor laws unless the minor elects, as here, to reject the Act. (*Cadwell v. National Tea Co.* (1951), 343 Ill.App. 206, 209.) If the minor elects to reject the Workmen's Compensation Act, his common law remedies are

---

[1] "No minor under the age of sixteen (16) years of age shall be employed, permitted or suffered to work:

    1. In, about or in connection with any public messenger or delivery service, bowling alley, pool room, billiard room, skating rink, exhibition park or place of amusement, garage, filling station or service station, or as a bellboy in any hotel or rooming house *or about or in connection with power-driven machinery.*" (Emphasis added.)

preserved. (Ill. Rev. Stat. 1969, ch. 48, par. 138.5(a).) Liability can then be determined in a civil action under the Child Labor Act. *Kowalczyk v. Swift & Co.* (1928), 329 Ill. 308, 317.

██ The civil remedy under the Child Labor Act is to be interpreted in the light of the legislative purpose to protect children against the risks of working in certain employments which involve dangers the minors would probably be unable or unlikely to protect themselves against by reason of their immaturity, inexperience or heedlessness. (*Gill v. Boston Store* (1929), 337 Ill. 70, 73-74.) Exposure to power driven machinery was the danger against which the statute, as here applicable, sought to protect the minor. The circumstances of the injury suffered here were in no way related to that danger. Liability should therefore not be imposed.

An analysis of the cases in which recovery has been permitted under the child labor laws indicates that in each case the injury was connected with a danger inherent in the environment in which the minor was illegally placed. (*E.g., Gill v. Boston Store* (1929), 337 Ill. 70 (child jolted from running board of delivery truck from which he was delivering parcels); *Rost v. Noble & Co.* (1925), 316 Ill. 357 (child who worked at drill press and lifted heavy boxes died of strangulated hernia); *Purtell v. Philadelphia Coal Co.* (1912), 256 Ill. 110 (child struck by boom while working on coal dock); *Beauchamp v. Sturges & Burn Co.* (1911), 250 Ill. 303 (child caught hand in punch press); *Strafford v. Republic Iron Co.* (1909), 238 Ill. 371 (child lost arm while feeding angle-irons into straightening machine); *American Car Co. v. Armentraut* (1905), 214 Ill. 509 (child's arm broken by machine he was operating); *Seghetti v. B. F. Berry Coal Co.* (1914), 186 Ill.App. 263 (child crushed by falling coal while working in coal mine.)) Similarly, in the cases from other jurisdictions cited by the parties the circumstances of the injury were related to the environment which the legislature must have considered unhealthy or dangerous in enacting its prohibitory statute. *E.g., Inland Steel Coal v. Yedinak* (1909), 172 Ind. 423, 87 N.E. 229 (boy's foot crushed by railroad car in plant); *Starnes v. Albion Mfg. Co.* (1908), 147 N.C. 556, 61 S.E. 525 (dangerous machinery in factory); *Ornamental Iron & Wire Co. v. Green* (1901), 108 Tenn. 161, 65 S.W. 399 (falling iron fence panels); *Dashinsky v. Santjer* (1969), 301 N.Y.S.2d 876 (newsboy hit by car after 7:00 P.M.).

██ Plaintiff has urged that we adopt a rule that imposes liability if "but-for" the illegal employment the minor would not have been at the place where the injury occurred. This reasoning has been specifically rejected in *Strafford v. Republic Iron Co.* (1909), 238 Ill. 371, 377. And

in *Rost v. Noble* (1925), 316 Ill. 357, 369-371, the court held that the fact of illegal employment alone is insufficient to establish causation and to impose liability under the child labor law.

■■ While the Workmen's Compensation Act is separate and distinct for purposes of liability determinations (*Kowalczyk v. Swift & Co.* (1928), 329 Ill. 308, 317), the reasoning used in the analogous situation of assaults reviewed under the Compensation Act seems particularly appropriate here. Compensation is proper only where it is shown that the injury arose out of some risk inherent in the conditions of employment (*Belden Hotel Co. v. Industrial Com.* (1970), 44 Ill.2d 253, 255), and the mere fact that an employee is present at the place of injury because of his employment is insufficient, unless the injury itself is a result of some risk of the employment. (*Math Igler's Casino v. Industrial Com.* (1946), 394 Ill. 330, 337.) Under the undisputed facts the injury to plaintiff was not related to his employment about or in connection with power-driven machinery and the court properly granted defendant's motion for summary judgment. The judgment below is therefore affirmed.

Affirmed.

GUILD, P. J., and T. MORAN, J., concur.