(No. 45930.—

LUTHER ESTEP, Appellant, v. JANLER PLASTIC MOLD CORPORATION, Appellee.

*Opinion filed May 29, 1974.—Rehearing denied June 28, 1974.*

Asher, Greenfield, Gubbins & Segall, of Chicago (Eugene I. Pavalon and Peter B. Carey, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (C. Roy Peterson and Richard E. Mueller, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

This case asserts a common-law action for injuries suffered by a minor while employed by the defendant corporation under the Illinois Workmen's Compensation Act. (Ill. Rev. Stat. 1967, ch. 48, par. 138.1 *et seq.*) The minor was 16 years of age when he was injured, and after a guardian was appointed, a rejection of workmen's compensation benefits was filed on the minor's behalf. This suit was then brought in the circuit court of Cook County. That court granted the defendant's motion to strike or dismiss the plaintiff's amended complaint, and the appellate court affirmed (11 Ill. App. 3d 551). We granted leave to appeal.

The plaintiff was injured while doing work in connection with the cleaning and maintenance of a band saw. The defendant does not deny that such work was prohibited by the regulations adopted pursuant to the Federal Fair Labor Standards Act of 1938 (29 U.S.C. secs. 212(c), 203(*l*) (1970).) The plaintiff argues (1) that his rejection of workmen's compensation benefits was timely made since it

was made within 1 month after the appointment of a guardian, and (2) that the provisions of the Fair Labor Standards Act are applicable to the term "illegally employed minor" under the Workmen's Compensation Act. We will consider first the question of whether the rejection of benefits was timely filed.

The plaintiff alleges that the 6-month period for rejection of benefits does not run until the appointment of a guardian. He contends that minors are under a legal disability and do not have the power to reject their rights under the Act, and urges that rejection of benefits by the guardian, in less than a month after his appointment, even though more than 6 months after the injury, is timely.

In *Ferguson v. Industrial Com.* (1947), 397 Ill. 348, 352, the court held that the requirement that notice of an injury must be given to the employer within 30 days of that injury applies to minors on the grounds that the Act created a special statutory cause of action unknown at common law, and, "The commission, a creature of the statute, is not a court. It is an administrative body charged with the duty of administering the act under which it was created. The liability or nonliability of an employer is one imposed by the act itself, and unless an employee, claiming the right to an award, brings himself within the jurisdictional provisions of the act, no award can be granted him. (*Keller v. Industrial Com.* 350 Ill 390.)"

In *Johnson v. Industrial Com.* (1972), 53 Ill.2d 23, 24, it was held that the 1-year-limitation provision of the Act was applicable to minors on the authority of *Ferguson.* The distinction between jurisdictional requirements and limitations provisions was explicitly rejected. The rationale of *Ferguson* and *Johnson* dictates that we hold here that the 6-month period for the rejection of benefits runs from the time of the injury, not from the time of appointment of a guardian. Therefore, the plaintiff here did not timely reject his benefits under the Workmen's Compensation Act, and that act is his sole remedy for

damages suffered due to this injury. (Ill. Rev. Stat. 1967, ch. 48, par. 138.5.) The circuit court was correct in granting the defendant's motion to dismiss the amended complaint. The court in *Johnson* concluded its dissertation on the limitation provisions, at page 27, as follows:

"Accordingly, we hold that appellant, although a minor, was bound by the one-year limitation of the Act, and having failed to file within the specified time limit his applications were properly dismissed."

In view of our holding on the limitation issue, we find it unnecessary to consider the plaintiff's argument that standards other than the Child Labor Law (Ill. Rev. Stat. 1967, ch. 48, par. 31.1 *et seq.*) are to apply in determining what constitutes an "illegally employed minor."

We, therefore, hold that the amended complaint was properly dismissed, and the judgments of the appellate and circuit court are therefore affirmed.

*Judgments affirmed.*