JAMES A. ALTON, Adm'r of the Estate of Marty James Alton, Deceased, Plaintiff-Appellant, *v.* BYERLY AVIATION, INC., Defendant-Appellee.

Third District    No. 75-194

Opinion filed December 21, 1976.

Matthew A. Maloney, of Pierson & Maloney, of Princeton, for appellant.

John Cassidy, Jr., of Cassidy, Cassidy & Mueller, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiff, administrator of the estate of Marty James Alton, deceased, appealed from a summary judgment in favor of defendant, Byerly Aviation, Inc. Plaintiff filed suit in an action at law to recover damages alleging that the plaintiff's decedent, a minor, died as a result of asphyxiation by inhalation of toxic hydrocarbon fumes from aviation fuel. Plaintiff alleged that defendant had a legal duty not to employ a minor under the age of 16 years (Ill. Rev. Stat. 1973, ch. 48, par. 31.1 *et seq.*), and that the resulting breach of that duty proximately caused the decedent's death. The defendant asserted that the plaintiff had failed to meet the requirements of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a)), which requires "Any illegally employed minor or his legal representatives shall, except as hereinafter provided, have the right within 6 months after the time of injury or death, to *file* with the commission a rejection of his right to the benefits under this Act, *in which case* such illegally employed minor or his legal representative *shall have the right to pursue* his or their common law or statutory remedies to recover damages for such injury or death." (Emphasis added.)

The deceased minor died on September 12, 1973, while in the employ of defendant. The plaintiff commenced the present suit on December 12, 1973. In support of his claim plaintiff presented the trial court with four affidavits (by plaintiff's attorneys and their secretaries) that they had mailed a notice of rejection of rights under the Workmen's Compensation Act on December 6, 1973, to the Industrial Commission of the State of Illinois at 160 North La Salle Street, Chicago, Illinois. Defendant filed two affidavits by Elsie Kurasch, Secretary of the Industrial Commission of Illinois, dated November 15, 1974, and February 18, 1975, which stated that affiant was the custodian and keeper of all the files, records, documents and papers of the Industrial Commission and certified that as of each date a minor's rejection on behalf of Marty James Alton, a deceased minor, had not been filed with the Industrial Commission. The trial court determined, in entering the summary judgment for defendant, that based upon the affidavits before the court, the plaintiff had failed to meet the filing requirements of the notice of rejection of a minor's rights under the Workmen's Compensation Act and hence was precluded from bringing the present common law action.

The issue presented to this court for determination is whether the mailing of the minor's notice of rejection without its receipt by the

Industrial Commission will satisfy the filing requirements of section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a)). Inherent in deciding this issue is consideration of the scope of workmen's compensation coverage in Illinois and the availability of an alternative common law tort action for injury or death arising out of and in the course of illegal employment of minors.

The essential purpose of workmen's compensation was to substitute an entirely new system by statute with new rights, new remedies and new procedure, for all existing common law or statutory rights of action of an employee against his employer for accidental injury or death occurring in the course of employment. Workmen's compensation was a method of avoiding the evils and abuses which had limited the practical effectiveness of the existing common law or statutory remedies for injured employees.

■■ Originally the legislature excluded illegally employed minors from coverage under the Workmen's Compensation Act which left only a suit at law for damages as the exclusive remedy. In 1927 the Workmen's Compensation Act was amended and illegally employed minors fell within coverage of the Act and in case of injuries a suit at law could not be maintained. (*Landry v. E. G. Shinner & Co.*, 344 Ill. 579, 176 N.E. 895 (1931).) Later more recent amendments provided minors with the present election to reject the Act in order to proceed with an action at law for damages.

■■ In Illinois the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48 par. 138) embraces claims by illegally employed minors unless an election is made to reject the benefits of the Act within 6 months from the date of injury or death. We believe that plaintiff, here, had to affirmatively make the election and file the minor's notice of rejection with the Industrial Commission as a condition precedent to proceeding with the civil action for damages. The case of *Yerk v. Rockford Coca Cola Bottling Co.*, 12 Ill. App. 3d 299, 300-01, 298 N.E.2d 319, 321 (1973), stated this principal very succinctly "The Workmen's Compensation Act as amended [citations], encompasses claims by illegally employed minors, and forecloses actions under the child labor laws unless the minor elects, as here, to reject the Act. [Citation.] If the minor elects to reject the Workmen's Compensation Act, his common law remedies are preserved. [Citation.] Liability can then be determined in a civil action under the Child Labor Act. [Citation.]"

■■ The intention of the legislature regarding the exclusiveness of the Workmen's Compensation Act as opposed to other common law or statutory remedies can only be determined from the language used in the statute. Section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a)), read in context with the entire Workmen's Compensation Act and with ordinary meaning given to the words

contained in section 5(a) mandates that notice of rejection of the Act by a minor actually be filed with the Industrial Commission or he is precluded from pursuing any remedy other than the Workmen's Compensation Act. Under similar facts other cases have followed this same statutory construction and hold that the legislative intent was that a failure to file a rejection of the Workmen's Compensation Act would preclude proceeding under any other theory of recovery. *Estep v. Janler Plastic Mold Corp.*, 57 Ill. 2d 395, 312 N.E.2d 618 (1974); *Johnson v. Industrial Com.*, 53 Ill. 2d 23, 289 N.E.2d 627 (1972).

■■ In reviewing the record in the instant case and particularly the affidavits of both sides we agree with the trial court's order and that the summary judgment for defendant was proper. We do not agree with plaintiff's contention that the pleadings and affidavits present a genuine issue of material fact. The affidavits of plaintiff show that a minor's notice of rejection was mailed on December 6, 1973. Defendant's affidavits indicate that the Industrial Commission did not receive the notice and that said notice was not on file with the Industrial Commission within 6 months from the date of the injury and death of the decedent. We conclude the affidavits are not conflicting and that the trial court could logically infer from defendant's affidavits that the required notice of rejection, although deposited in the mails, was not received by the Commission and was not properly filed within the meaning of the Workmen's Compensation Statute. Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a).

Plaintiff also raises the argument that the operative effect of the 6-month election and notice provision with regard to illegally employed minors is procedural as opposed to jurisdictional in nature. We reject that argument without deciding the jurisdictional nature of this specific notice provision. In construing this same section the Supreme Court in *Estep v. Janler Plastic Corp.*, 57 Ill. 2d 395, 397, 312 N.E.2d 618, 619 (1974), stated, "The distinction between jurisdictional requirements and limitations provisions was explicitly rejected." The issue there, as here, turned on the legislative intent as gleaned from the appropriate statutory provisions. We believe the minor's notice of rejection of the Workmen's Compensation Act provides plaintiff with an election of remedies; that plaintiff failed to file the notice of rejection within the 6 months provided by statute; and that plaintiff thereby elected to proceed under the Workmen's Compensation Act as an exclusive remedy.

For the reasons stated the summary judgment in favor of defendant entered by the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

STOUDER, P. J., and STENGEL, J., concur.