STURGES & BURN MANUFACTURING. COMPANY *v.* BEAUCHAMP.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 54.  Submitted November 3, 1913.—Decided December 1, 1913.

A State is entitled to prohibit the employment of persons of tender years in dangerous occupations; and in order to make the prohibition effective it may compel employers at their peril to ascertain whether their employés are in fact below the age specified.

Absolute requirements as to ascertaining age of employés of tender years are a proper exercise of the protective power of government; and if the legislation has reasonable relation to the purpose which the State is entitled to effect it is not an unconstitutional deprivation of liberty or property without due process of law.

A classification in employment of labor of persons below sixteen years of age is reasonable and does not deny equal protection of the laws.

The provisions of the Child Labor Act of Illinois of 1903 involved in this case are not unconstitutional as denying due process of law, as

depriving the employer of liberty of contract, or of his property by requiring him at his peril to ascertain the age of the person employed, or as denying him the equal protection of the law.
250 Illinois, 303, affirmed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of the Illinois Child Labor Act of 1903, are stated in the opinion.

*Mr. A. W. Bulkley* and *Mr. C. E. More* for plaintiff in error:

The common-law rule of contributory negligence applies to minors. 7 Am. & Eng. Ency. of Law, 2d ed., p. 409; *Heiman* v. *Kinare*, 190 Illinois, 156.

The common-law rule of contributory negligence has not been abolished by child labor statutes. *Berdos* v. *Tremont Mills*, 209 Massachusetts, 489–498; *Beghold* v. *Auto Body Co.*, 149 Michigan, 14; *Bromberg* v. *Evans Laundry Co.*, 134 Iowa, 38, 46; *Braasch* v. *Michigan Stove Co.*, 118 N. W. Rep. 366; *Burke* v. *Big Sandy Coal Co.*, 68 W. Va. 421; *Darsam* v. *Kohlmann*, 123 Louisiana, 164, 171, 172; *Dalm* v. *Bryant Paper Co.*, 157 Michigan, 550; *Evans* v. *American Iron Co.*, 42 Fed. Rep. 519; *Gaines Leathers* v. *Blackwell Tobacco Co.*, 144 N. Car. 330; *Iron & Wire Co.* v. *Green*, 108 Tennessee, 161, 165; *Jacobson* v. *Merrill Mill Co.*, 107 Minnesota, 74; *Kirkham* v. *Wheeler-Osgood Co.*, 39 Washington, 415; *Nairn* v. *National Biscuit Co.*, 120 Mo. App. 144, 147; *Nickey* v. *Steuder*, 164 Indiana, 189, 196; *Norman* v. *Virginia-Pocahontas Co.*, 68 W. Va. 405; *Perry* v. *Tozer*, 90 Minnesota, 431; *Peters* v. *Gille Mfg. Co.*, 133 Mo. App. 412, 419; *Queen* v. *Dayton Coal Co.*, 95 Tennessee, 458, 465; *Rolin* v. *Tobacco Co.*, 141 N. Car. 300; *Roberts* v. *Taylor*, 31 Ontario, 10; *Sharon* v. *Winnebago Mfg. Co.*, 141 Wisconsin, 185, 189; *Smith* v. *National Coal Co.*, 135 Kentucky, 671; *Sterling* v. *Union Carbide Co.*, 142 Michigan, 284; *Syneszewski* v. *Schmidt*, 153 Michigan, 438.

Corporations are persons within the Fourteenth Amendment. *Duncan* v. *Missouri*, 152 U. S. 377; *Gulf, Col. &c. Railway* v. *Ellis*, 165 U. S. 154; *Hayes* v. *Missouri*, 120 U. S. 68; *Lowe* v. *Kansas*, 163 U. S. 88; *Minneapolis Railroad Co.* v. *Beckwith*, 129 U. S. 29; *Santa Clara County* v. *Southern Pac. Ry.*, 118 U. S. 394.

Courts will interfere to correct errors of state tribunals if law is administered so as to violate the Fourteenth Amendment. *Chy Lung* v. *Freeman*, 92 U. S. 275–279; *Henderson* v. *New York*, 92 U. S. 259–273; *Neal* v. *Delaware*, 103 U. S. 370; *Soon Hing* v. *Crowley*, 113 U. S. 703, 710; *Williams* v. *Mississippi*, 170 U. S. 213; *Yick Wo* v. *Hopkins*, 118 U. S. 356–373.

Defendant in error Beauchamp was an adult and not a child. *Allen* v. *State*, 7 Tex. App. 298; 16 Am. & Eng. Ency., 2d ed., p. 263; 51 Am. Reports, 293; *Bell* v. *State*, 18 Tex. App. 53; Black's Law Dict.; Century Dict.; Hurd's Illinois Stat. 1912, c. 38, Par. 282, p. 818, and § 7, Pars. 279, 280, 281 and 282; Id., c. 3, § 18, p. 11; Id., c. 4, § 4, p. 36; Id., c. 64, §§ 1, 3, p. 1261; *McGregor* v. *State*, 4 Tex. App. 599; *Quattlebaum* v. *Triplett*, 69 Arkansas, 91.

For distinction between contributory negligence and assumption of risk, see *Berdos* v. *Tremont Mills*, 209 Massachusetts, 489–497; *Cleveland & St. L. Ry. Co.* v. *Baker*, 33 C. C. A. 468; 91 Fed. Rep. 224; *Narramore* v. *Cleveland & St. L. Ry. Co.*, 96 Fed. Rep. 298–304; *Un. Pac. Ry. Co.* v. *O'Brien*, 161 U. S. 451.

The judgment of the Illinois courts deprives plaintiff in error of equal protection of the laws. *Chicago &c. R. R.* v. *Westby*, 178 Fed. Rep. 619; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *Cotting* v. *Kansas Stockyards Co.*, 183 U. S. 79; Cooley on Const. Lim., 3d ed., p. 391; *Gulf, Col. &c. Ry. Co.* v. *Ellis*, 165 U. S. 150; *Mo. Pac. Ry. Co.* v. *Tucker*, 230 U. S. 340; *Southern Ry. Co.* v. *Greene*, 216 U. S. 400.

The legislature has no power to give civil remedy to one

guilty of fraud and deceit.   Black on Const. Law, 2d ed.,
p. 373; *Mugler* v. *Kansas*, 123 U. S. 623; Story on Const.,
5th ed., § 1945; *Wilkinson* v. *Leland*, 2 Pet. 627, 657;
*Windsor* v. *McVeigh*, 93 U. S. 274.

Reading into the statute a civil remedy and abolishing
common-law defenses are legislative and not judicial acts
and transcends power of court.   26 Amer. & Eng. Ency.,
2d ed., p. 597; *Bate Refrigerating Co.* v. *Sulzberger*, 157
U. S. 1; *Chicago, B. & Q. R. R. Co.* v. *Chicago*, 166 U. S.
226; *Doe* v. *Considine*, 6 Wall. 458; *Home Telephone Co.*
v. *Los Angeles*, 227 U. S. 278; *Scott* v. *McNeal*, 154 U. S. 34–
45; *St. Paul &c. Ry. Co.* v. *Phelps*, 137 U. S. 528; *Sturges*
v. *Crowninshield*, 4 Wheat. 202; *United States* v. *St.
Anthony R. R. Co.*, 192 U. S. 524; *United States* v. *Fisher*,
2 Cr. 358; *United States* v. *Wiltberger*, 5 Wheat. 95; *Windsor*
v. *McVeigh*, 93 U. S. 274, 282.

The statute as held and enforced is not within the police
power.   *Chicago* v. *Gunning System*, 213 Illinois, 628;
*Collins* v. *New Hampshire*, 171 U. S. 30; *In re Jacobs*,
98 N. Y. 98; *Lawton* v. *Steele*, 152 U. S. 133; *Minnesota*
v. *Barber*, 136 U. S. 313, 320; *Mugler* v. *Kansas*, 123 U. S.
623, 661; *Ruhstrat* v. *The People*, 185 Illinois, 133; *State*
v. *Caspare*, 80 Atl. Rep. 606. 613 (Md.); *Yick Wo* v.
*Hopkins*, 118 U. S. 356, 370.

The maxim "No one acquires a right of action from his
own wrong" applies to minors.   16 Amer. & Eng. Ency.,
2d ed., p. 311; *Barham* v. *Turbeville*, 1 Swan. 437; Bige-
low on Estoppel (5th ed.), p. 606; *Commander* v. *Brazil*,
41 So. Rep. 497 (Miss.); *Coleman* v. *Himmelberger Land
Co.*, 79 S. W. Rep. 981; 22 Cyc., Title Infants, p. 512;
*Ex parte Banking Asso.*, 3 DeG. & J. 63; *Edgar* v. *Gertison*,
112 S. W. Rep. 831; *Ferguson* v. *Bobo*, 54 Mississippi, 121;
*Hall* v. *Timmons*, 2 Rich. (S. C.) 120; 57 L. R. A. 673, n.;
*Matthews* v. *Cowan*, 59 Illinois, 341; *Munden* v. *Harris*,
134 S. W. Rep. 1076–1080; *Pace* v. *Cawood*, 110 S. W. Rep.
414 (Ky.); *Parker* v. *Elder*, 11 Humph. 546; *Rice* v.

*Boyer,* 108 Indiana, 472; *Sanger* v. *Hibbard,* 53 S. W.
Rep. 330; *Vasse* v. *Smith,* 6 Cranch, 226; *Vinton* v. *State,*
52 S. E. Rep. 79; *Wright* v. *Snowe,* 2 DeG. & Sm. 321;
*Williamson* v. *Jones,* 27 S. E. Rep. 418; *Whittington* v.
*Wright,* 9 Georgia, 29.

The statute in question is a penal statute to be strictly
construed. *Bandefield* v. *Bandfield,* 75 N. W. Rep. 287;
*Field* v. *United States,* 137 Fed. Rep. 6; *Huntington* v.
*Attrill,* 146 U. S. 657; *Sarlls* v. *United States,* 152 U. S.
570, 575; *The Ben R.,* 134 Fed. Rep. 784; *United States*
v. *Harris,* 177 U. S. 305, 310; *United States* v. *Wiltberger,* 5
Wheat. 96; see also *Am. Car Co.* v. *Armentraut,* 214 Illinois,
509; *Illinois Central R. R. Co.* v. *O'Connor,* 189 Illinois, 564;
*Strafford* v. *Republic Iron Co.,* 238 Illinois, 371.

*Mr. George E. Gorman* and *Mr. John M. Pollock* for
defendant in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

The Sturges and Burn Manufacturing Company is a
corporation engaged in manufacturing tinware and other
metal products. It employed Arthur Beauchamp, the
defendant in error, who was under sixteen years of age,
as a press hand to operate a punch press used in stamping
sheet metal. Beauchamp was injured in operating the
press and brought an action through his next friend,
in the Superior Court of Cook County, to recover the
damages sustained, counting on the statute of Illinois
passed in 1903 (Laws of 1903, p. 187, Hurd's Statutes,
1909, p. 1082) which, by § 11, prohibited the employment
of children under the age of sixteen years in various
hazardous occupations including that in which the injury
occurred. The trial court, refusing to direct a verdict
for the defendant, instructed the jury that if the plaintiff
was in fact less than sixteen years old and when injured

was employed by the defendant upon a stamping machine, the defendant was guilty of a violation of the statute and the plaintiff was entitled to recover. A verdict was rendered for the plaintiff and judgment thereon was affirmed by the Supreme Court of the State. 250 Illinois, 303. The case comes here on error.

The plaintiff in error complains of the ruling that a violation of the statute gives a right of action to the employé in case of his injury, but this is a question of state law with which we are not concerned.

The Federal question presented is whether the statute as construed by the state court contravenes the Fourteenth Amendment. It cannot be doubted that the State was entitled to prohibit the employment of persons of tender years in dangerous occupations. *Holden* v. *Hardy*, 169 U. S. 366, 392, 395; *Jacobson* v. *Massachusetts*, 197 U. S. 11, 31; *Muller* v. *Oregon*, 208 U. S. 412, 421; *Chicago, Burlington & Quincy R. R. Co.* v. *McGuire*, 219 U. S. 549, 568, 569. · It is urged that the plaintiff in error was not permitted to defend upon the ground that it acted in good faith relying upon the representation made by Beauchamp that he was over sixteen. It is said that, being over fourteen, he at least had attained the age at which he should have been treated as responsible for his statements. But, as it was competent for the State in securing the safety of the young to prohibit such employment altogether, it could select means appropriate to make its prohibition effective and could compel employers, at their peril, to ascertain whether those they employed were in fact under the age specified. The imposition of absolute requirements of this sort is a familiar exercise of the protective power of government. *Reg.* v. *Prince*, L. R. 2 C. C. 154; *People* v. *Werner*, 174 N. Y. 132; *State* v. *Kinkead*, 57 Connecticut, 173; *Ulrich* v. *Commonwealth*, 69 Kentucky, 400; *State* v. *Heck*, 23 Minneapolis, 549; *State* v. *Hartfiel*, 24 Wisconsin, 60; *State* v. *Tomasi*, 67

Vermont, 312; *Commonwealth* v. *Green*, 163 Massachusetts, 103; 3 Greenleaf on Evidence, § 21; 30 Am. Rep. (*note*) 617–620. And where, as here, such legislation has reasonable relation to a purpose which the State was entitled to effect, it is not open to constitutional objection as a deprivation of liberty or property without due process of law. *Shevlin-Carpenter Co.* v. *Minnesota*, 218 U. S. 57, 70.

It is also contended that the statute denied to the plaintiff in error the equal protection of the laws, but the classification it established was clearly within the legislative power. *Heath & Milligan Co.* v. *Worst*, 207 U. S. 338, 354; *Louisville & Nashville R. R. Co.* v. *Melton*, 218 U. S. 36, 54; *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61, 78; *Mutual Loan Co.* v. *Martell*, 222 U. S. 225, 236.

The judgment is

*Affirmed.*