**Margery Diane THOMAS, Appellant,**

v.

**GENERAL ELECTRIC COMPANY et al., Appellees.**

Supreme Court of Tennessee.

May 7, 1973.

———◆———

Wilkes, Neely & McCullough, William I. McLain, Memphis, for appellant.

Albert T. McRae, Edward M. Kaplan, Memphis, for appellees.

## OPINION

CHATTIN, Justice.

Appellant brought this suit against the appellees, General Electric Company and Pinkerton, Inc. Appellees filed a motion to dismiss for the failure to state a claim upon which relief can be granted. The trial court sustained the motion. From this ruling an appeal was perfected to this Court.

The complaint, in pertinent part, provides:

2. "That on August 30, 1971, at approximately 11:14 P.M. plaintiff had finished her night's work and duties as an employee of the defendant, General Electric Company, at its lamp plant at 1356 Riverside Drive in Memphis, Tennessee; that she had punched the time clock, had left the building in which said lamp plant is housed where she performed her work, and had reached the parking lot maintained by said defendant for the use and convenience of its employees on an unassigned and optional basis, which lot is located on the west side of Riverside Drive south of the extension of West Olive Street in Memphis, Tennessee. As the plaintiff approached and entered her automobile on said lot she was accosted by a young male white who drew a knife and forced her to drive her car out the gate to said lot and to various parts of the City of Memphis during the course of which she was horribly threatened, ravished and abused until early on the morning of August 31, 1971, at which time she was released by said assailant who drove plaintiff's car back to said parking lot where his own vehicle was parked.

4. "Plaintiff alleges that the defendant, General Electric Company, through its agents, servants and employees, was guilty of gross negligence in that it knew, or in the exercise of reasonable and ordinary care, should have known that its said lamp plant and parking lot were located in a dangerous high-crime-risk area of the City of Memphis; that dangerous characters frequented the lot; that these conditions involved an unreasonable risk of harm to the plaintiff and to other female employees of said defendant in going to their cars on said lot late at night and that said conditions created a likelihood that the plaintiff, or some other female employee of said defendant, would suffer just such an injury as was inflicted upon the plaintiff; that said defendant recognized the peculiar hazard involved for its female employees and fenced the lot in question, constructed an elevated guardhouse, required that all cars parking on said lot bear a proper General Electric Company identification sticker, and said defendant further employed the defendant, Pinkerton, Inc., to furnish security guards for its said lamp plant and parking lot but failed to assign one or more guards to said lot on a full-time basis, or to otherwise protect the plaintiff and other female employees going to their cars on said lot late at night from such dangerous, hazardous condition and indeed caused or permitted the gate to said lot to be opened and the lot left unguarded and unattended and the plaintiff completely unprotected from such conditions.

5. "Plaintiff charges and alleges that the defendant, Pinkerton, Inc., through

its agents, servants and employees, was likewise guilty of gross negligence in that the guard assigned to the parking lot in question opened the gate thereto and then left the lot and went to other parts of the lamp plant of the defendant, General Electric Company, located on the east side of Riverside Drive some distance from said parking lot, and thereby left said lot unattended and unguarded and the plaintiff without protection whatsoever from the peculiar hazard and dangerous conditions encountered thereon and which said defendant, through its agents, servants and employees, knew or in the exercise of reasonable and ordinary care should have known, she would likely encounter if said lot were left unguarded and unattended with the gate open while the guard went to other parts of the lamp plant of the defendant, General Electric Company, as aforesaid.

6. "Plaintiff alleges that at all times material herein the defendant, Pinkerton, Inc., and its agents, servants and employees, were on and about the business of and acting within the course and scope of their employment with the defendant, General Electric Company, so that the gross negligence hereinabove charged against the former is also imputable to the latter under the doctrine of respondeat superior."

Viewing the complaint in a manner most favorable to the appellant, it seems to provide alternative theories on which to predicate the appellees' liability.

■ First, the complaint seems to charge that the employee-employer relationship provides the basis for holding the appellees owe the appellant a duty to protect her from criminal assaults by third persons. However, as Counsel for appellees argue, this is but another way of alleging appellant was not provided with a safe place to work. This being true, if liability exists for violation of this duty, re-course must be had, if at all, under the Workmen's Compensation Act.

Secondly, the complaint charges and Counsel for appellant argues that notwithstanding the employee-employer relationship the appellees owe a duty to protect the appellant from assaults by third persons. Counsel for appellant states in his brief that, " * * * whether the plaintiff is considered to be an employee or an invitee on the premises, the duty owed by the defendants is the same."

In support of this argument Counsel for appellant cites 57 Am.Jur.2d, Negligence, Section 45:

"The law imposes an obligation upon everyone who attempts to do anything, even gratuitously, for another, to exercise some degree of care and skill in the performance of what he has undertaken, for nonperformance of which an action will lie * * * *. Moreover, one who voluntarily creates and maintains a condition for the use of others is, in the absence of some privilege, charged with the duty of exercising care to prevent the condition from becoming a source of danger to those who use it * * * *."

■ Thus, it is argued that by building a fence around its parking lot and hiring security guards General Electric Company assumed the duty of protecting the appellant.

Appellant's argument overlooks the fact neither appellant nor anyone else was required to use the lot. If the appellant had been required to use the lot, then the argument appellees had affirmatively assumed the duty to protect her would warrant consideration.

In order to sustain appellant's contention this Court would have to conclude that as a matter of law anyone providing a guarded parking lot assumes the burden of insuring the safety of any invitee using the lot.

This is not a desirable result. For one reason it is not logical to infer that the providing of a guarded parking lot warrants the conclusion that the person supplying the lot is affirmatively accepting a burden of protecting the users of the lot from criminal assaults of third persons. Furthermore, such a decision would encourage businesses like General Electric to provide unfenced unguarded parking facilities.

"Under some circumstances, an employer has been held liable to his employee for injuries resulting from assault by a third person where the employer, but not the employee, had knowledge or notice of an unusual risk of assault by third persons and the employer failed to warn the employee of that danger. Ordinarily, however, an employer is under no legal duty to protect his employees from unlawful assault by strangers, and is not, as a rule, to be held liable for the intentional injury to or killing of his employee by a third person." 53 Am.Jur.2d, Section 215, p. 269.

In the case of Brodie v. Miller, 24 Tenn.App. 316, 143 S.W.2d 1042 (1940), it is said:

"The law does not place the onerous duty upon a party of anticipating the criminal act of another unless they arise naturally and spontaneously from the act of the party."

We are of the opinion the trial judge correctly held, under the facts alleged in the complaint, neither of the appellees owed a duty to protect appellant from a criminal assault by a third person.

The judgment of the trial judge is affirmed with costs.

DYER, C. J., HUMPHREYS and McCANLESS, JJ., and WILSON, Special Justice, concur.