(No. 46879

S. EDWARD BLOOM et al., Appellants, v. THE INDUS-
TRIAL COMMISSION et al.—(George Edward Merica,
Appellee.)

*Opinion filed September 26, 1975.*

Robert L. Brody and George J. Gore, of Chicago, for
appellants.

Ronald S. Davis and George A. Kranzler, of Chicago,
for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the
opinion of the court:

S. Edward Bloom and Sedgwich Building Management
and Contractors, employers of claimant George Edward
Merica, appeal directly (50 Ill.2d R. 302(a)) a judgment of
the circuit court of Cook County confirming an Industrial
Commission affirmance of an arbitrator's award of com-
pensation to the employee. The sole issue here is whether
the injuries arose out of and in the course of employment.

The 39-year-old claimant resided with his family in
one of several apartment buildings owned by S. Edward
Bloom, and had been employed by the latter for some 2½
years to collect rents from other tenants in the building
where he lived and do general maintenance and repair
work on that and other buildings owned by the employer.
Similar arrangements apparently existed with tenants of

other buildings owned by Bloom. On Saturday, August 1, 1970, claimant was told by Bloom to assist Bruce Tracy, a similarly employed tenant in another building who was present during the conversation, in hanging cabinets in an apartment in that building the next day. During that conversation claimant told Bloom that an "Uncle Jim" Hare at 2006 Concord Avenue had a Skilsaw, 4-foot level and extension plank for sale at a specified price and was directed by Bloom to buy them. For that purpose claimant and Tracy testified that Bloom then gave claimant two $20 bills.

On the following day claimant collected rents and then went to the building where the cabinets were to be hung and worked there until afternoon. During the afternoon his daughter's "boy friend," George Lubertozzi, took him to Hare's apartment to buy the tools, after which claimant intended to return and "rod out" a toilet or sink. At Hare's the car was parked in an alley, the tools put in the trunk and, because claimant gave Hare the two $20 bills in payment of the $33 sale price and Hare did not have change, claimant, Hare and Lubertozzi went into a nearby tavern to change one of the $20 bills. While there claimant and Hare had one beer, claimant received a receipt for the money and he inquired of Hare regarding other tools in which Bloom had expressed an interest. As they left the side door of the tavern three men with a bottle of wine were standing in the alley some 9 or 10 feet from the side door. One of the men asked Lubertozzi for a quarter, but Lubertozzi walked away, whereupon the same individual made the same request of claimant and was refused. As claimant started toward the car he was struck in the right leg by a piece of wood wielded by the assailant. Severe injuries to the leg resulted from the blow.

While the precise sequence of events at the tavern and content of the conversations is not entirely certain, it is clear that a conclusion by the Commission that claimant and Hare were putting money into their pockets and

discussing the sale of tools as they left the tavern within the sight and hearing of the assailant would not be contrary to the manifest weight of the evidence.

The Workmen's Compensation Act requires (Ill. Rev. Stat. 1969, ch. 48, par. 138.2), and our decisions have uniformly held (*Union Starch v. Industrial Com.*, 56 Ill.2d 272), that compensable injuries must occur in the course of employment and arise out of the employment. The employer here concedes that it might be held that claimant was in the course of his employment when attacked, but vigorously urges that the injuries did not arise out of a hazard connected with the employment but resulted from an assault—one of the "street risks"—to which members of the public were equally subject.

In 1 A. Larson, Law of Workmen's Compensation, sec. 11.11(c), the author, in discussing street risks states:

> "The street-risk doctrine as applied to assaults is another common application of the general rule granting compensation when the assault arises out of a risk associated with the situs of the work. And just as the majority of street-risk cases now are based on the actual-risk rather than the increased-risk test, so the same broad standard is applied to assaults upon those whose work takes them upon the highways. ***
>
> It is possible to find some contra authority, in which an element of risk of a nature not shared by the general public is demanded, but the virtually complete abandonment of this requirement in street-risk cases generally indicates that in most states it probably will not be insisted upon in cases of assault in the streets or highway."

This court's opinion in *C. A. Dunham Co. v. Industrial Com.*, 16 Ill.2d 102, 112, involving a feloniously caused plane crash in which the employee who was a passenger on the plane was killed, is to the same effect, for it was there said:

> "From this review of the relevant authorities, it is evident that for an accident to 'arise out of' the employment it is no longer necessary that it

originate in a risk peculiar to the employment, but only that the employment expose the employee to the same risk as other members of the public ***, and the injury is not inflicted for personal reasons."

But even if an employment-increased risk were to be considered necessary to compensability, that increased risk is present here. It is undisputed that claimant had traveled to Hare's residence to purchase the tools as directed by his employer. As earlier noted, the Commission could have fairly inferred, as it apparently did, that the assailant heard a portion of the conversation relating to future tool purchases and observed claimant putting the employer's money in his pocket; and that those facts were, at least in part, a motivation for the assailant's demand and assault. This, in our judgment, is sufficient to establish a causal relationship between the employment and the injuries under either standard. *W.K.I.D. Broadcasting Co. v. Industrial Com.*, 42 Ill.2d 236.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*