IRENE M. PETERSON, Plaintiff-Appellant, *v.* NORFOLK & WESTERN RAILWAY COMPANY, Defendant-Appellee.

Fourth District   No. 13569

Opinion filed October 14, 1976.

Frank H. Byers, of Byers & Hendrian, of Decatur, for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Nicholas J. Neiers and Keith W. Casteel, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff, Irene M. Peterson, an employee of the defendant railroad, filed a complaint based upon the Federal Employers' Liability Act (45 U.S.C. §51 *et seq.*) alleging she had been injured during the course of her employment. The circuit court of Macon County granted defendant's motion to dismiss the complaint and entered judgment for defendant. The plaintiff appeals.

The issue on appeal is whether the complaint was properly dismissed.

The complaint, in substance, alleges plaintiff was employed in the defendant's district claims office, which office was responsible for the processing and handling of claims made against the defendant; that her duties were in furtherance of interstate commerce; that she was performing her duties on February 15, 1975, when she was injured by attempting to open and close a desk drawer which was stuck and off its track; that defendant was negligent in providing her with a defective desk and by not providing a reasonably safe place to work; that defendant railroad's liability is based upon the Federal Employers' Liability Act.

The Act, in pertinent part, states:

"Every common carrier by railroad while engaging in commerce between any of the several States or Territories * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, *works,* boats, wharves, or other equipment.

Any employee of a carrier, any part of whose duties as such employee shall be *in furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce* as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be entitled to the benefits of this chapter." 45 U.S.C. §51. (Emphasis supplied.)

The railroad moved to dismiss the complaint and for judgment on the pleadings. It argued that the Federal Employers' Liability Act (hereinafter the Act) was inapplicable because (1) plaintiff was not a

covered employee and (2) the injury was not of the class for which the Act provides relief. The trial court found against the railroad on its first contention but for defendant on the second and therefore dismissed the complaint.

■■ Plaintiff argues on appeal that a desk is part of the "works" as that term is used in the Act. We agree. Research has not revealed any case holding that this type of office equipment is included in the term "works." However, in the context of this Act "works" has been interpreted as equivalent to the "working place" where employees perform their duties in furtherance of interstate commerce. (*Aeby v. Missouri Pacific R.R. Co.* (1926), 313 Mo. 492, 505, 285 S.W. 965, 968.) The *Aeby* case was appealed to the United States Supreme Court. That court reversed on other grounds but stated:

> "The Act makes the carrier liable for injuries resulting to its employees by reason of any defect or insufficiency due to its negligence in 'its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.' The language is broad and includes things and places furnished by the carriers to be used by their employees in the performance of their work." *Missouri Pacific R.R. Co. v. Aeby,* 275 U.S. 426, 427-428, 72 L. Ed. 351, 353, 48. S. Ct. 177, 178 (1928).

■■■ Plaintiff also alleged that defendant was negligent in not providing a reasonably safe place to work. In *Isgett v. Seaboard Coast Line R.R. Co.* (D.S.C. 1971), 332 F. Supp. 1127, the court noted that although that obligation is not found in the language of the statute it has been imported into the Act by judicial decision. (332 F. Supp. 1127, 1139.) In *Patterson v. Norfolk & Western Ry. Co.* (6th Cir. 1973), 489 F.2d 303, plaintiff contracted tuberculosis from a fellow worker. The court held that it was a question for the trier of fact as to whether the railroad had, in those circumstances, breached its duty to provide a reasonably safe place to work. Whether the duty has been breached is a Federal question to be determined by Federal law (*Isgett*) and the courts have been exceedingly liberal in permitting the question to go to the jury. (Monek, *Federal Employers' Liability Act Trends,* 64 Ill. B. J. 448 (1976).) Accordingly, the trial court should not have dismissed the complaint on the ground that the injury was not of a class covered by the Act.

■■ Defendant argues that the trial court's dismissal can be upheld on the ground that plaintiff was not a covered employee, *i.e.*, one whose work is in furtherance of interstate commerce. Plaintiff raises a preliminary question in this regard, contending that defendant may not argue this issue since it took no cross-appeal from the holding of the trial court that plaintiff was a covered employee. However, a cross-appeal is

not necessary. An appellee may make any argument, based on the record, which attempts to sustain the judgment of the trial court. (*Chertack v. Santangelo* (1972), 6 Ill. App. 3d 201, 285 N.E.2d 209.) The judgment of the trial court will be sustained if it is correct irrespective of whether the court's reasoning was correct.

In *Reed v. Pennsylvania R.R. Co.* (1956), 351 U.S. 502, 100 L. Ed. 1366, 76 S. Ct. 958, the United States Supreme Court had before it the question of whether the Act covered the plaintiff, a clerical employee of the railroad. The court discussed the modification of the Act made by Congress in 1939, and found that the Congress had intended to substantially expand the coverage of the Act, which had been narrowly confined in earlier Supreme Court opinions. No specific class, such as clerical workers, was excluded. The Act did not provide coverage for all railroad employees, however. As the Supreme Court states:

> "The Statute commands us to examine the purpose and effect of the employee's function in the railroad's interstate operation, without limitation to nonclerical employees or determination on the basis of the employees' importance as an individual in the railroad's organization." 351 U.S. 502, 506, 100 L. Ed. 1366, 1374, 76 S. Ct. 958, 962.

Defendant cites *Holl v. Southern Pacific Co.* (N.D. Cal. 1947), 71 F. Supp. 21, wherein the court held that an assistant distribution clerk in a railroad freight claim depot, who did not exercise any discretion in approval of claims for lost or damaged freight, but performed purely clerical work, was not a covered employee. Although this is the closest case on the facts that research has found, its continuing validity is questionable in light of the expansive interpretation of the Act in *Reed*. The Act is not limited in its application to those involved in the physical process of transporting goods. (*Reed*.) Indeed, a railroad company could no more conduct its interstate commerce without clerical workers than it could without trains. In any case, thorough inquiry into this particular employee's duties and function is necessary to decide the question of coverage. It would be a rare case where this issue could be decided on a motion to dismiss the complaint. *Stichman v. Michigan Mutual Liability Co.* (S.D. N.Y. 1963), 220 F. Supp. 848.

For the reasons stated above, the judgment of the circuit court of Macon County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

GREEN and REARDON, JJ., concur.