MICHAEL GILL, Plaintiff-Appellant, *v.* THE CHICAGO PARK DISTRICT *et al.*, Defendants-Appellees.

First District (5th Division)  No. 79-760

Opinion filed June 13, 1980.—Rehearing denied July 18, 1980.

John J. Lowrey, of Chicago, for appellant.

Ruff & Grotefeld, Ltd., of Chicago (Thomas E. Flanagan, of counsel), for appellee.

Clausen, Miller, Gorman, Caffrey & Witous, P. C., of Chicago (James T. Ferrini, Richard G. Howser, and Edwin J. Hull, of counsel), for appellee Chicago Bears Football Club, Inc.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brought an action for common law negligence against Chicago Park District, a municipal corporation (hereinafter District), Chicago Bears Football Club, Inc. (hereinafter Club), and Andy Frain, Inc. (hereinafter Frain) as the owner, lessee and security personnel of Soldier Field in Chicago, Illinois. His complaint alleged that while on these premises, he sustained personal injuries as a result of an unprovoked assault by third persons. He appeals from the trial court's order granting summary judgment in favor of defendants contending that the trial court erred in granting summary judgment for defendants when it found that they owed no duty to protect him from the unforeseeable assault that led to his injuries.

On September 23, 1973, plaintiff was attending a football game at Soldier Field. During the third quarter of the game, he left his seat to go to the washroom. About 100 feet from his seat, he began descending the stairs, which led to the washrooms. Suddenly, without warning, he noticed a hand reaching into his front pocket where he kept his money clip. Plaintiff turned to see what was happening and was thrown over the railing onto the ground below by two men. As a result, he suffered serious injuries. The assailants, whom he could not identify, were never apprehended.

His amended complaint basically alleges that defendants were negligent in failing to warn plaintiff of the danger of violent attacks by unruly spectators and in not providing adequate security to guard against such attacks.

Plaintiff filed his original complaint against defendants on September 18, 1975. Each defendant filed its own motion for summary judgment.

On January 4, 1979, the trial court held a hearing on the motion for summary judgment as to defendant Frain and ruled in its favor.

On January 23, 1979, the trial court denied plaintiff's motion to vacate the January 4, 1979, order. On February 5, 1979, plaintiff filed a motion to reconsider the court's ruling of January 23, 1979. This motion was denied.

Summary judgment was granted to defendants Club and District on February 7, 1979. In so ruling, the trial court specifically found the following: "* * * there was no duty on the part of the defendants to foresee the criminal act which allegedly occurred to plaintiff. Any judgment in favor of plaintiff would, in effect, make defendants insurers of plaintiff's safety."

On March 9, 1979, plaintiff filed his notice of appeal in this matter.

On October 19, 1979, we dismissed the appeal as to defendant Frain for plaintiff's failure to file a timely notice of appeal. This appeal will consider only the contentions of the remaining defendants, the District and the Club.

Opinion

Plaintiff contends that the trial court erroneously granted summary judgment for defendants. According to plaintiff, defendants had a duty to protect plaintiff under the circumstances regardless of the intervening criminal attack of the two assailants.

For plaintiff to prevail in this negligence action, he must prove that defendants owed a duty to him, they breached that duty, and his injury proximately resulted from that breach. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.) Because the trial court found that defendants had no duty to protect plaintiff from the criminal assault by the two men, we direct our attention to whether a duty was owed plaintiff under the circumstances of this case.

■■ Generally, there is no duty to protect one against the criminal attacks of third persons. (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39.) A duty does not arise unless there are sufficient facts to put defendants on notice that an intervening criminal act is likely to occur. (*Moore v. Yearwood* (1960), 24 Ill. App. 2d 248, 164 N.E.2d 215.) In short, the existence of a legal duty requires that the occurrence be reasonably foreseeable. (*Cross v. Chicago Housing Authority* (1979), 74 Ill. App. 3d 921, 393 N.E.2d 580.) In determining whether a legal duty exists, the likelihood of injury, the magnitude of the burden of guarding against it, and the consequence of placing that burden on the defendant must also be taken into account. *Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535.

In the instant case, defendants' motions for summary judgment were based upon the pleadings, answers to interrogatories and the deposition of plaintiff. This evidence contains no indication of any notice to defendants that would have alerted them of the likelihood of the criminal assault that befell plaintiff on the day of the incident.

Testimony from plaintiff's deposition especially shows that the assailants' attack was unannounced, occurring without warning to either plaintiff or defendants. The following passage from that deposition is illustrative:

"DEFENSE COUNSEL: Did you have any warning of any sort just before your injury?
PLAINTIFF: Nothing.
DEFENSE COUNSEL: Just nothing at all?
PLAINTIFF: No.
DEFENSE COUNSEL: Is that correct? No warning at all?
PLAINTIFF: Nothing."

Prior to the incident, there was no evidence of any disturbances or threats of violence on the premises, as this deposition excerpt indicates:

"DEFENSE COUNSEL: Well, before your accident, then, you

weren't threatened with any violence or anything like that were you; other than this one little episode that you told us about when you saw the arm reaching into your pocket.

PLAINTIFF: That's all I ever seen [*sic*].

DEFENSE COUNSEL: That was it?

PLAINTIFF: That was it.

DEFENSE COUNSEL: You didn't see any—well—violence anywhere else, did you, at Soldier's Field, before your injury?

PLAINTIFF: No.

DEFENSE COUNSEL: Before your incident?

PLAINTIFF: No, cause the section we are in [*sic*] they are all nice people."

In *Shayne v. Coliseum Building Corp.* (1933), 270 Ill. App. 547, plaintiff, while attending a boxing exhibition, was pushed from his chair onto the ground below by a rush of patrons which ensued either because of an altercation between patrons or someone shouted "fight" or "fire." The trial court entered judgment for plaintiff on the jury's verdict. The appellate court reversed and remanded, stating:

"Whether the panic or stampede which ensued was caused by the outcry or by the altercation, it was caused by the sudden, unexpected act of a third person, over whom the defendant had no control and was an act not reasonably to be anticipated and with no reasonable opportunity afforded to guard against it." *Shayne*, 270 Ill. App. 547, 552.

■ In the instant case, as in *Shayne*, the record is devoid of any evidence that shows that the attack was reasonably foreseeable. Plaintiff testified that there were no disruptions or acts of violence at Soldier Field on the day of the incident, and that there was no warning of any sort prior to his attack. In addition, plaintiff adduced no evidence of prior incidents of violence that would give notice to defendants of the probability of such assaults. Consequently we find that defendants owed no duty to protect plaintiff from this type of harm under the circumstances of this case.

The purpose of the summary judgment proceeding is to determine whether a genuine issue of material fact exists. (*Anger v. Gottfried* (1975), 29 Ill. App. 3d 559, 331 N.E.2d 576.) In reviewing the trial court's determination, we must consider all grounds urged and all facts presented to the trial court. (*Strom International, Ltd. v. Spar Warehouse and Distributors, Inc.* (1979), 69 Ill. App. 3d 696, 388 N.E.2d 108.) Based upon our review of the record, we conclude that no genuine issue of material fact existed and the trial court was correct in granting summary judgment for defendants.

Plaintiff's other contention, advanced for the first time on appeal, is that the trial court erred in granting summary judgment in defendants'

favor because plaintiff had an insufficient opportunity to utilize the tools of discovery. After his initial complaint was filed on September 18, 1975, and prior to the hearings on the motions for summary judgment on January 4, 1979, and February 7, 1979, plaintiff had over three years to compile discovery for purposes of the motions for summary judgment. Notwithstanding this ample time period, plaintiff never even filed a response or counteraffidavits to the motion for summary judgment filed by defendant Chicago Bears. At the hearings on the motions for summary judgment, the record shows that plaintiff made no request for additional continuances for discovery purposes.

When faced with a similar issue, the court in *Rogers v. Robson, Masters, Ryan, Brumund & Belom* (1979), 74 Ill. App. 3d 467, 392 N.E.2d 1365, responded as follows:

"The next error assigned by plaintiff concerns the allowance of summary judgment before discovery. Supreme Court Rule 191(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 191(b)) specifies the procedure to be followed where additional discovery is needed in regard to summary judgment proceedings. The Rule provides that a party seeking additional facts in a summary judgment proceeding may submit an affidavit naming persons from whom he can obtain affidavits concerning the additional facts, showing why the affidavits cannot be obtained, and stating what the party believes the persons would testify as to such matters. When that is done, the court may, among other things, grant a continuance to allow the party to obtain the affidavits, including documents, from affiants. Plaintiff did not comply with this Rule and having failed to do so, he cannot now complain of an inability to conduct discovery before summary judgment was ordered." *Rogers*, 74 Ill. App. 3d 467, 471, 392 N.E.2d 1365, 1370.

No such affidavit appears in the record in the instant case. Therefore, we reject plaintiff's contention that he was not allowed to properly develop his case before summary judgment was ordered.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.