KEVIN DEWAYNE OZMENT, a Minor, by Julia Ozment, His Mother and Next Friend, Plaintiff-Appellant, *v.* DOUGLAS C. LANCE, JR., *et al.*, Defendants-Appellees.

Fifth District    No. 81-397

Opinion filed June 30, 1982.

WELCH, J., specially concurring.

Harris, Lambert and Wilson, of Marion, for appellant.

John Speroni, of Garrison and Garrison, of Marion, and Edward J. Kionka, of Carbondale, for appellees.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Kevin Ozment brought a two-count complaint against his employer, Douglas C. Lance, Jr., and Thomas H. Vernier, a partnership, and M. R. Associates, Ltd., d/b/a Marion Ramada Inn (hereinafter Ramada Inn), for injuries received, resulting in physical and psychological damage, when he was subjected to deviate sexual abuse when assaulted by two

male guests registered at the Ramada Inn where the plaintiff was employed as a bus boy.

Count I was brought under the Dramshop Act (Ill. Rev. Stat. 1979, ch. 43, par. 135). Count II alleged negligence on the part of the defendants in failing to provide plaintiff a safe place to work, in failing to control the criminal conduct of the guests who assaulted plaintiff, and in directing and allowing plaintiff to serve alcoholic beverages to the guest rooms at the Ramada Inn in violation of a section of the liquor control ordinance of the City of Marion which made it unlawful for a minor under 21 years of age to serve alcoholic liquor as an employee of a liquor licensee.

After discovery, defendants moved for summary judgment, asserting that plaintiff's exclusive remedy, as an employee of defendants, was under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5), which applied automatically and without election to employers and their employees in establishments wherein alcoholic beverages are sold to the general public for consumption on the premises. (Ill. Rev. Stat. 1979, ch. 48, par. 138.3.) Defendants further asserted that the answers to interrogatories and discovery depositions conclusively established that the defendants had no duty to protect plaintiff against the criminal acts of third parties absent knowledge of previous incidents or special circumstances from which such acts could be anticipated.

The trial court denied that part of the motion for summary judgment which asserted that plaintiff's exclusive remedy was under the Workers' Compensation Act, apparently for the reason that the court concluded plaintiff's injuries did not arise out of his employment because the serving of liquor by plaintiff, a minor, was illegal under the liquor control ordinance of the City of Marion. The court refused to certify that question for review under Supreme Court Rule 308 (73 Ill. 2d R. 308). The court entered summary judgment for defendants on count II of the complaint and made an express finding that there was no just reason for delaying appeal under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)).

On April 11, 1977, plaintiff, a high school student, was employed part-time as a bus boy at defendant, Ramada Inn. He was 17 the day after the occurrence here in question. His duties were to assist the waitresses in the dining room. Bus boys, including plaintiff, also took food and beverage orders to guest rooms when so directed by the dining room hostess, including alcoholic beverages, although the restaurant manager who employed plaintiff did not consider delivering alcoholic beverages to guest rooms as part of his duties. No minor was allowed to go into the bar to obtain alcoholic beverages for the purpose of taking them to a guest room. Instead, such beverages would be brought to the dining room from the bar by a waitress.

On April 11, 1977, Robert Stacey, Larry Phelps and the sister of one

of the men registered at the Ramada Inn and were assigned rooms 230-232. The men went into the lounge and each ordered one drink, a highball and a beer. Joan Gower, lounge manager, testified on deposition that from their mannerisms and conversation she could determine that they were "queer," presumably meaning homosexual. They did not appear intoxicated to her.

Joan Burton, dining room hostess, testified on deposition that on the evening of April 11, 1977, the plaintiff took an unopened six-pack of beer to the rooms of the individuals later determined to be plaintiff's assailants at her direction in response to a room service call that she received in the dining room. Plaintiff no sooner returned to the dining room than another call for another six-pack of beer was received from the same individual and Burton directed plaintiff to take another six-pack to the same rooms. Plaintiff was reluctant to go, but Burton only attributed this to the fact that plaintiff was busy with his chores in the dining room. She did not think that the person calling was intoxicated. Plaintiff was gone approximately 45 minutes and Burton became concerned and she sent others to look for him and called the room and spoke to two different individuals about plaintiff's whereabouts. Their answers made her further concerned, but plaintiff then returned to the dining room. He was emotionally upset and he told Burton what had occurred.

Plaintiff testified on deposition that the first six-pack of beer was delivered to the guest room without incident. Only one person was in the room, who plaintiff believed was intoxicated. When he returned the second time, two men were in the room. When he attempted to leave, one of the men blocked his exit. He was threatened and subjected to deviate sexual assault by both men.

■■■ At the outset, we would note that we express no opinion whether plaintiff's injuries were received out of and in the course of his employment so that his exclusive remedy would be under the Workers' Compensation Act. (See *Ferguson v. Roundtable Motor Lodge* (1980), 83 Ill. App. 3d 331, 404 N.E.2d 1039; *Bloom v. Industrial Com.* (1975), 61 Ill. 2d 248, 335 N.E.2d 423.) The trial court rejected this contention and declined to certify this question for review under Supreme Court Rule 308. Nonetheless, the appellee may advance any argument supported by the record to sustain the judgment of the trial court (*Peterson v. Norfolk & Western Ry. Co.* (1976), 42 Ill. App. 3d 570, 356 N.E.2d 391), and the reviewing court may affirm the trial court when justified in law for any reason (73 Ill. 2d R. 366(a)(5)). We decline to address this issue, however, inasmuch as it was never advanced in appellee's brief and argument as a reason to sustain the judgment of the trial court. See *Winston v. Mitchell* (1977), 53 Ill. App. 3d 206, 368 N.E.2d 460.

In a memorandum decision, the trial court stated:

"The general rule of law applicable to these circumstances is that a person has no duty to anticipate the criminal misconduct of third parties and to protect against them. (See Prosser, Torts Section 33 (1971). This rule may be explained in terms of no legal duty being imposed, or that such omission is no negligence as it is not a foreseeable injury. Actually, it would seem that there is no duty to foresee criminal misconduct. However, if it is reasonably foreseeable, then it cannot be ignored. See 65 C.J.S. Negligence Section III.

In this case, the plaintiff argues that the risk of injury was sufficiently foreseeable to impose a duty of care on the defendants. The plaintiff states [in] his brief:

'When two queers get a young boy in a room by themselves, where one of the queers is drunk and much larger than the boy, it certainly is not unforseeable, as a matter of law, that the larger, drunk queer will try to do something to the boy.'

Certainly, the suggested threat is possible—if it had occurred in a penitentiary—it would be 'reasonably' foreseeable. However, is it reasonably foreseeable under the circumstances described? I must conclude that it is not.

The criminal conduct in this case is bizarre and most unusual—certainly less common than a rape of a female by a male. This more common sexual attack seldom occurs within the range of hearing of other motel guests and even more infrequently would the perpetrator have his wife or girlfriend present to witness the occurrence. Nothing about these circumstances, even after combining the knowledge of the various employees of the defendants, would warn a reasonably prudent man of the subsequent danger. In addition, to require employees to constantly compare information would create an impossible burden—or, simply make the employer an insuror."

The plaintiff argues that it was evidence of negligence on the part of the defendant that the minor plaintiff, as part of his duties, was directed to serve the six-packs of beer to the guest room in the motel and that the criminal attack upon the plaintiff which caused his injuries cannot be said to be unforeseeable as a matter of law, citing the established principle of Illinois law that questions of proximate causation are ordinarily questions of fact for the jury. (*Felty v. New Berlin Transit Inc.* (1978), 71 Ill. 2d 126, 374 N.E.2d 203; *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 356 N.E.2d 93.) However, these cases involve intervening negligent acts of third parties which were not unforeseeable as a matter of law. Where the

harm is caused by the criminal conduct of third parties, special considerations obtain. See Restatement (Second) of Torts secs. 448, 449 (1965).

■■ The general rule is that one has no duty to control the criminal conduct of a third person to prevent him from causing physical harm to another (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39), unless a special relation exists between the actor whose negligent conduct creates the risk and the third person which imposes a duty upon the actor to control the third person's conduct, or a special relation exists between the actor and the person injured. *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538; *Cross v. Chicago Housing Authority* (1979), 74 Ill. App. 3d 921, 393 N.E.2d 580; Restatement (Second) of Torts sec. 315 (1965).

Special relationships between defendants and the person causing harm by criminal conduct giving rise to a duty include parent-child, master-servant, possessor of land-licensee and a person in charge of another having dangerous propensities. (Restatement (Second) of Torts secs. 316-319 (1965).) The relationship of proprietor-guest is not such a special relationship. Special relationships between the actor and the person suffering harm include common carrier-passenger, possessor of land-invitee and innkeeper-guest. Restatement (Second) of Torts sec. 314A (1965).

Whether the relationship of employer-employee is such a special relation imposing a duty on the employer to protect the employee against the criminal misconduct of another has not been clearly established in Illinois or elsewhere. (See, *e.g., Hosein v. Checker Taxi Co.* (1981), 95 Ill. App. 3d 150, 419 N.E.2d 568; *Thomas v. General Electric Co.* (1973), Tenn., 494 S.W.2d 493.) The Restatement (Second) of Torts sec. 302B, comment *e*(B), at 90 (1965), lists the employer-employee relation as such a special relation as does comment *a* to section 314A (at 119). However, the employer must have knowledge of the danger to the employee (sec. 314B), as the employer is not liable where he neither knows or should know of an unreasonable risk to his employee and "is not required to take precautions against a sudden attack from a third person which he has no reason to anticipate * * *." Restatement (Second) of Torts sec. 314A, comment *e*, at 120 (1965).

Even though this special relation of employer-employee may impose a duty of care on the employer to guard against and protect the employee against the criminal acts of others, the possibility of some criminal act, though not necessarily the precise act, must be reasonably foreseeable before the failure of the employer to take reasonable precautions to protect the employee against harm may be said to be negligent (Restatement (Second) of Torts sec. 302B, comment *f*, at 93 (1965)). Reasonable foreseeability may be considered to be a prerequisite to the imposition of a

duty on the employer (see, *e.g., Taylor v. Hocker* (1981), 101 Ill. App. 3d 639, 428 N.E.2d 662; *Gill v. Chicago Park Dist.* (1980), 85 Ill. App. 3d 903, 407 N.E.2d 671), or it may be prerequisite to a breach of duty, that is negligence (see *Burks v. Madyun* (1982), 105 Ill. App. 3d 917). Under either analysis, the result would be the same. In *Taylor*, plaintiffs were stabbed by an unknown assailant on the parking lot of a shopping center upon returning to their car after shopping. They alleged that the owner of the shopping center was negligent in failing to provide security and adequate lighting and failing to warn of the danger of assault. We sustained the judgment of the trial court in granting summary judgment for defendant. No similar criminal acts had ever occurred on the parking lot or at the shopping center. We concluded that defendant had no notice or knowledge of previous criminality so as to give rise to a duty to protect patrons from criminal acts of third parties. We quoted with approval Professor Prosser that liability should be imposed "only if the defendant is negligent in not guarding against the possible crime—which is to say, if the foreseeable risk is an unreasonable one, in light of the burden of taking precautions." (Prosser, Torts sec. 33, at 175-76 (4th ed. 1971).) So, regardless of the form of legal analysis, before liability may attach, the occurrence must be reasonably foreseeable; however, foreseeability alone is not sufficient. Before imposing a duty on defendant, the likelihood of injury, the magnitude of the burden of guarding against it and the consequence of placing that burden on defendant must also be taken into account. *Cross v. Chicago Housing Authority* (1979), 74 Ill. App. 3d 921, 393 N.E.2d 580.

■■ Looking to the allegations of plaintiff's complaint and considering these in light of the admitted facts developed on discovery, we do not believe that the employer has done anything which subjected plaintiff to an unreasonable risk of harm or failed to do anything to protect plaintiff from a reasonably foreseeable risk of harm, even assuming a duty of reasonable care was owed to plaintiff because of the employer-employee relationship. We find nothing in the facts established, considered in their light most favorable to plaintiff, that would put defendant on notice that the motel guests who assaulted plaintiff presented a special risk or danger to plaintiff in taking room-service orders to the rooms in which they were registered. From hindsight, every occurrence is foreseeable, but we agree with the trial court that defendant could not reasonably anticipate what occurred here as the criminal conduct was "bizarre and most unusual."

The complaint alleges that defendants were negligent in directing plaintiff to serve alcoholic liquor in violation of an ordinance of the City of Marion, in failing to provide plaintiff with a safe place to work and in failing to control the conduct of the motel guests who assaulted plaintiff. As to the general allegation that defendant failed to provide plaintiff with a safe place to work, this, without more, as noted in *Thomas v. General*

*Electric Co.* (Tenn. 1973), 494 S.W.2d 493, would make plaintiff's claim cognizable under the Workers' Compensation Act. As to the failure of defendant to control the conduct of the guests, there are no allegations that any prior criminal attacks or acts of any kind had occurred at the motel which would alert defendant of any danger to anyone or that defendants were put on notice of any criminal propensities of the guests registered at the hotel or of anything that would alert them of the possibility of a criminal assault on plaintiff. The guests who assaulted plaintiff were homosexuals and one may have been intoxicated. These facts would not, however, bring this case within the rule of *Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 50 N.E.2d 497, which involved the special relation of common carrier-passenger. There, tramps and hoboes were allowed to congregate in defendant's station house. Plaintiff had repeatedly complained to defendant's station agent about their presence. Plaintiff, while waiting for a train, was attacked by one of these persons that the court characterized as vagrants and lawbreakers. No data has been cited that suggests that homosexuals as a class are dangerous or more prone to violence than any class in the general population. It is difficult to propose reasonable precautions an employer would be required to take to guard against the possibility of criminal assaults on employees of this type of business.

Plaintiff argues that the ordinance of the City of Marion prohibits minors from serving alcoholic beverages, that the defendants violated the ordinance and this violation is evidence of negligence. The ordinance provides that it is unlawful for any person under 21 years of age to draw, pour, mix or serve any alcoholic liquors as an employee of any licensee. In view of section 12 of article VI of the Illinois Dramshop Act (Ill. Rev. Stat. 1979, ch. 43, par. 131), which expressly authorizes minors under 21 years to possess alcoholic beverages when making delivery pursuant to employment, it is doubtful that the ordinance of the City of Marion, which does not expressly prohibit delivery, was intended to prohibit the type of employment activity involved here. It is not suggested that plaintiff was an illegally employed minor. The purpose of the ordinance would seem to be to prohibit the employment of a minor in a licensed premises. In any event, not every violation of a statute or municipal ordinance is evidence of negligence. The statute or ordinance may not prescribe duties for the protection of persons or property or the harm suffered may not be the kind which the statute or ordinance was intended to prevent. (Prosser, Torts sec. 35, at 195-97 (4th ed. 1971).) We conclude that the purpose of the ordinance was to protect minors from the evils considered to be associated with the consumption of alcoholic beverages by removing them from places where liquor is served and thus from the temptation to consume alcoholic beverages. The violation of the ordinance here, if any,

cannot be said to be related to or a proximate cause of the criminal assault that occurred. In short, we do not believe that the violation of this ordinance had any nexus or causal connection with plaintiff's injury, which could have occurred in any event had he delivered a food order and no alcoholic beverage to his assailants' room or been sent to this room for any purpose in his employment as a bus boy.

The judgment of the Circuit Court of Williamson County is affirmed.

Affirmed.

JONES, J., concurs.


JUSTICE WELCH, specially concurring:
In analyzing the plaintiff's cause of action under the Marion liquor control ordinance, the majority observes that the minor was not employed in violation of that ordinance, which prohibits minors from "drawing, pouring, mixing or serving alcohol." I do not agree, because I believe that the term "serving" is broad enough to proscribe the conduct of the plaintiff in bringing beer to the motel room. See *Hensen v. City of Chicago* (1953), 415 Ill. 564, 570, 114 N.E.2d 778, 782; Webster's Third New International Dictionary 2075, "serve," definition 5b (1961).

The majority further concludes that, even if the plaintiff were illegally employed, that alone would not indicate that the defendants were negligent, because the sole purpose of the ordinance was to prevent minors from consuming alcoholic beverages. However, it should be recalled that other laws accomplish that result more directly. The liquor business has been described as one "fraught with danger to the community" (*Tavern Owners Association of Lake County, Illinois, Inc. v. County of Lake* (1977), 52 Ill. App. 3d 542, 547, 367 N.E.2d 748, 751), and that danger is even greater when a minor, who lacks the judgment and experience of an adult, is employed in that business to dispense alcohol. The potentially serious consequences to the minor, as well as to others, of serving alcohol to one who is intoxicated appear to me to have been the kind of injury the ordinance was designed to prevent. Thus, I think that the violation of the ordinance should be considered as evidence of negligence in this case. *Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 384 N.E.2d 323.

Yet, I must agree with the result reached by the majority because the plaintiff cannot show that his injury was occasioned by his employer's negligence in allowing him to bring beer to the motel room. Illustrative of this principle is *Yerk v. Rockford Coca Cola Bottling Co.* (1973), 12 Ill. App. 3d 299, 298 N.E.2d 319. There, a minor who was employed in

connection with a bottle sorting machine in violation of section 7 of the Child Labor Act (Ill. Rev. Stat. 1981, ch. 48, par. 31.7) was injured in a fight with a fellow employee. The minor rejected his workers'compensation remedies and brought a common law action, alleging that his employer violated the Child Labor Act. The court noted that while it is true that, but for the minor's employment at the sorting machine, he would not have been assaulted, this did not give rise to liability under the Act. It was stated that "[a]n analysis of the cases in which recovery has been permitted under the child labor laws indicates that in each case the injury was connected with a danger inherent in the environment in which the minor was illegally placed." (12 Ill. App. 3d 299, 301, 298 N.E.2d 319, 321.) Such a causal connection was not established in that case, and summary judgment for the defendant was affirmed.

Similarly, the minor in this case brought his action under an enactment which, like the Child Labor Act, was designed "to protect children from engaging in employments where their immaturity, inexperience, and heedlessness might cause them to be injured." (*Beauchamp v. Sturges & Burn Manufacturing Co.* (1911), 250 Ill. 303, 311, 95 N.E. 204, 207, *aff'd* (1914), 231 U.S. 320, 58 L. Ed. 245, 34 S. Ct. 60.) And, it is certainly true that the assault upon the minor was more within the range of injuries to be prevented by the Marion liquor control ordinance than was the assault in *Yerk* one of the dangers to be prevented by section 7 of the Child Labor Act. Nonetheless, the connection established by the minor in this case is simply that he was assaulted while carrying liquor to the room. He has failed to demonstrate a causal relationship between his employment outside the scope of the Marion ordinance and the attack, which, as the majority notes, could well have occurred had he appeared at the room for any other purpose in his employment. The fact that the article he carried happened to have been beer is not a cause of the plaintiff's injuries.

Subject to these observations, I concur in the majority's opinion.